**Turrin v. New Philadelphia**
**Case No. 89-AP-030027**
**Tuscarawas County (5th)**
**Decided January 2, 1990**
[Cite as 1 AOA 198]

*For Plaintiff-Appellant and Cross-Appellee:*
*Ronald G. Macala; Anthony M. Dioguardi, II;*

*Co., L.P.A.; The Belden/Whipple Building; 4150 Belden Village St.; Suite 102; P.O. Box 35186; Canton, Ohio 44735,*

*For Defendant-Appellee and Cross-Appellant: G. Frederick Compton, Jr., R. Brent Minney, Patricia A. Hill, Whalen & Compton Co., 565 Wolf Leges Parkway, P.O. Box 2020, Akron, Ohio 44309-2020.*

GWIN, J.

Plaintiff-appellant, John Phillips (appellant), was employed by defendant-appellee, Board of Education of the West Holmes Local School District (Board), from August 24, 1970, to June 30, 1985. Appellant's final three years of employment with the Board was pursuant to a three (3) year administrative contract which expired on June 30, 1985.

On January 4, 1985, appellant was notified by letter of the expiration date of said contract and that appellant could request a hearing with the Board to discuss the Board's reasons for renewal or nonrenewal of appellant's contract pursuant to R.C. 3319.02. Appellant did request such a hearing and the same was held on the evening of March 25, 1985.

At said hearing, the Board, the trial court found, did not discuss with appellant the reasons for its nonrenewal of appellant's contract and unanimously voted not to renew the same.

On June 20, 1985, appellant opted to participate in the early retirement incentive plan which the Board had adopted pursuant to R.C. 3307.05. The Board granted appellant's option and purchased three years of service credit for appellant at a cost of $26,933.40. On June 30, appellant ended his employment with the Board and began to draw his retirement benefits. On January 22, 1987, appellant filed a complaint against the Board seeking a declaratory judgment regarding the Board's failure to comply with R.C. 3319.02, i.e., the Board's failure to discuss its decision for nonrenewal of appellant's contract. Appellant sought injunctive relief through reinstatement and an award of back pay. Following cross-motions for summary judgment, the trial court, finding no genuine issues as to any material facts, rendered partial Summary Judgment on July 10, 1989, and held:

1) Appellant, employed as a principal, had no vested interest or right to expect continued employment past the expiration

of his contract on June 30, 1985, pursuant to R.C. 3319.02.

2) Appellant was neither estopped nor did he waive his rights to challenge his nonrenewal because appellant elected to participate in the early retirement incentive plan.

3) The Board had violated the provisions of R.C. 3319.02(C) because the Board failed to discuss its reasons for nonrenewal of appellant's contract.

On September 7, 1988, the trial court disposed of the ramaining issues by holding:

1) Appellant's demands for preliminary/permanent injunction by way of reinstatement and damages for back pay failed to state claims upon which relief can be granted because appellant, an administrative employee (principal), had no vested interest or right to expect continued employment passed the expiration of his contract on June 30, 1985, and his nonrenewal only involved a technical violation of a procedural right rather than a violation of a substantive right.

Appellant and the Board now seek our review and assign respectively the following as error:

APPELLANT'S ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT HELD THAT APPELLANT HAD NO REMEDY AVAILABLE TO HIM FOR A VIOLATION OF SECTION 3319.02 OF THE OHIO REVISED CODE.

THE BOARD'S ASSIGNMENT OF ERRORS

I. THE TRIAL COMMITTED PREJUDICIAL ERROR IN ITS OPINION & ENTRY FILED ON JULY 10, 1989, WHEN IT HELD THAT THE CROSS-APPELLANT VIOLATED O.R.C. §3319.02 BY FAILING TO PROVIDE THE CROSS-APPELLEE WITH A STATEMENT OF REASONS FOR THE NONRENEWAL OF HIS LIMITED ADMINISTRATIVE CONTRACT.

II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ITS OPINION

& ENTRY FILED ON JULY 10, 1989, WHEN IT HELD THAT THE CROSS-APPELLEE DID NOT WAIVE HIS OPPORTUNITY FOR FURTHER EMPLOYMENT BY THE CROSS-APPELLANT BOARD OF EDUCATION WHEN HE VOLUNTARILY RETIRED EFFECTIVE JULY 1, 1985, UNDER THE BOARD'S EARLY RETIREMENT INCENTIVE PLAN.

## I

Turning to appellant's first assignment, he claims that the trial court erred in holding that appellant had no available remedy for the Board's violation of R.C. 3319.02. We sustain appellant's assignment for the following reasons.

The trial court specifically found that R.C. 3319.02 (C) imposes upon the Board a two-fold duty: (1) to grant appellant a meeting with the Board in an executive session, and (2) to discuss the Board's reasons for nonrenewal of appellant's contract. The court went on to hold that the Board satisfied the first duty, but failed to satisfy the second.

We believe that *State, ex rel. Brennan v. Vinton Cty. L. Bd. of Edn.* (1985), 18 Ohio St. 3d 208, provides appellant with a remedy of back pay and reinstatement for a violation of the provisions under R.C. 3319.02. In *Brennan*, an administrative employee sought to compel, through mandamus, a local board to reinstate him in his position as high school principal and to pay him lost wages for the board's failure to give written notice prior to its nonrenewal of Brennan's contract. The Supreme Court held that the written notice provision of R.C. 3319.02 was mandatory and permitted the writ of mandamus.

Revised Code 3319.02(C) reads in pertinent part:

> Before taking action to renew or nonrenew the contract of an assistant superintendent, principal, assistant principal, or other administrator under this section and prior to the last day of March of the year in which such employee's contract expires, the board of education *shall notify* each such employee of the date that his contract expires and that he may request a meeting with the board,. Upon request by such an employee, the board *shall grant* the employee *a meeting* in executive session *to discuss the board's reasons for renewal or*

*nonrenewal of his contract.* (Emphasis added).

Based upon *Brennan* and the above emphasized portions of R.C. 3319.02 (C), we believe that the Board had a mandatory duty not only to notify appellant, but also to discuss at the Board meeting the Board's reasons for nonrenewal of appellant's contract. The Board's failure to conform to these mandates gives rise to the remedies of reinstatement and/or back pay.

Therefore, the trial court erred by holding that a mere technical violation of R.C. 3319.02 (the Board's failure to discuss with appellant its reasons for nonrenewal of appellant's contract) is merely procedural and does not give appellant the right to seek reinstatement and/or back pay. To hold otherwise would render R.C. 3319.02 meaningless by permitting a board, in a case such as this, to notify an employee that his contract would not be renewed and grant the employee a meeting but give no reasons for its decision of nonrenewal.

Accordingly, we sustain appellant's sole assignment of error and reverse the trial court's judgment as to that portion.

## II

Although we agree that the Board had authority to nonrenew appellant's contract and may have acted in good faith, we believe the evidence before the court clearly indicated, and reasonable minds could only conclude, that the Board failed to follow the dictates of R.C. 3319.02.

Accordingly, the Board's first assignment is hereby overruled.

## III

We sustain the Board's second assignment because appellant waived his right for reinstatement and/or back pay by voluntarily retiring under the Board's early retirement incentive plan.

The trial court found that it would be unfair and inequitable to find appellant had made such a waiver because if he refused to retire, then he would be failing to mitigate his damages. We disagree.

In the affidavit of Michael J. Uhl, Treasurer of the West Holmes Local School District, appellant had an opportunity to remain employed with the Board under a one (1) year teaching contract approved by the Board. Thus, appellant was not put in that position of having

to choose retirement, and his voluntary choice of early retirement operates as a waiver of appellant's rights to seek reinstatement and/or back pay for the Board's failure to comply with R.C. 3319.02(C).

Accordingly, we sustain the Board's final assignment and reverse the trial court as to this portion of its judgment.

For the foregoing reasons, we affirm the trial court's judgment as to its results.

PUTMAN, P.J. and SMART, J., Concur.