THE STATE, EX REL. SPECHT, APPELLANT, *v.*
PAINESVILLE TOWNSHIP LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION, APPELLEE.

[Cite as State, ex rel. Specht, v. Bd. of Edn. (1980), 63 Ohio St. 2d 146.]

(No. 80-235—Decided July 16, 1980.)

*John T. DeFazio Co., L.P.A.,* and *Mr. John T. DeFazio,* for appellant.

*Messrs. Squire, Sanders & Dempsey* and *Mr. John T. Meredith,* for appellee.

*Per Curiam.* The sole issue before this court is whether appellant is entitled to a continuing contract as a teacher pursuant to R. C. 3319.11, where appellant is certified, has achieved continuing service status as a teacher in another school district in Ohio and has served as an assistant principal in the appellee school district four years under limited contracts of employment.

We hold that appellant is entitled to a continuing contract of employment as a teacher.

The relevant Revised Code sections in the instant cause are R. C. 3319.02, 3319.09 and 3319.11.

R. C. 3319.02 reads, in pertinent part, as follows:

"***In the case of assistant superintendents, principals and *assistant principals* in local school districts employment shall be, and in the case of all other administrative personnel in local school districts may be, in accordance with nominations of the superintendent of schools of the county districts of which the local district is a part. Such employees shall be employed under written contracts of employment. Except by mutual agreement of the parties thereto, no employee shall be transferred during the life of his contract to a position of lesser responsibility. No contract may be terminated or suspended by a board of education except pursuant to section 3319.16 or 3319.17 of the Revised Code. The salaries and compensation prescribed by such contracts shall not be reduced by a board of education unless such reduction is a part of a uniform plan affecting the entire district." (Emphasis added.)

R. C. 3319.09 reads, in pertinent part, as follows:

*"As used in sections 3319.08 to 3319.18, inclusive, of the Revised Code:*

"(A) 'Teacher' means all persons certified to teach and who are employed in the public schools of this state as instructors, *principals,* supervisors, superintendents, or in any other educational position for which the state board of education requires certification including persons having a certificate issued pursuant to sections 3319.22 to 3319.31, inclusive, of the Revised Code***." (Emphasis added.)

R. C. 3319.11 reads, in pertinent part, as follows:

"Teachers eligible for continuing service status in any school district shall be***those teachers who, having attained continuing contract status elsewhere, have *served* two years in the district***." (Emphasis added.)

The Court of Appeals, in essence, determined that R. C. 3319.02 impliedly repealed R. C. 3319.11 as it applied to assistant principals, because R. C. 3319.02 is more recent and specific.

Initially, it is noted that the judicial policy of Ohio has been that repeals by implication are not favored and will not be found unless the provisions of the purported repealing Act are so totally inconsistent and irreconcilable with the existing enactment as to nullify it. *State* v. *Ruppert* (1978), 54 Ohio St.

2d 263, 268; *Lucas County Commrs.* v. *Toledo* (1971), 28 Ohio St. 2d 214, 217; and *O'Neil* v. *Bd. of County Commrs.* (1965), 3 Ohio St. 2d 53, 57.

In *State* v. *Ruppert, supra,* at page 268, the test for determining whether an earlier statute has been impliedly overruled has been described in the following manner:

"* * * Only where the provisions of the two statutes are irreconcilable by any means of interpretation (*In re Hesse* [1915], 93 Ohio St. 230, 234) or are so repugnant to or contradictory with each other as to evidence an intent on the part of the General Assembly to change the statutory law will this court conclude that the earlier statute has been superseded by the later statute, and therefore of no force and effect. *Goff* v. *Gates* (1912), 87 Ohio St. 142; *Henrich* v. *Hoffman* (1947), 148 Ohio St. 23, 26."

Noting the above-stated rule of construction, we hold that R. C. 3319.02 does not impliedly repeal R. C. 3319.11. The two sections are reconcilable and even compliment each other. Each section purports to mandate over different areas of concern.

R. C. 3319.02 does not purport to be the exclusive statute in reference to a teacher's employment, but rather it is limited to employment of teachers in administrative positions.

The issue at bar, as stated previously, is whether a teacher assigned to an administrative position may achieve continuing contract status as a teacher as opposed to employment as an administrator.

The difference between teaching and administrative positions has been clearly recognized by this court.

In *State, ex rel. Saltsman,* v. *Burton* (1950), 154 Ohio St. 262, this court stated, at page 267, that "the statutes we have quoted hereinbefore recognize a difference between the classroom teacher and the superintendent."

An administrative position, which is highly executive in nature and broad in its discretionary powers, facilitates the need for a separate employment scheme as set forth in R. C. 3319.02.

The obtaining of a continuing contract of employment as a teacher is expressly provided for in R. C. 3319.11. This section clearly provides for a situation as in the instant cause. It allows

a teacher, who has attained tenure in a different school district and has also *served* two years in the school district in dispute, to obtain a continuing contract of employment as a teacher.

The General Assembly's deliberate choice of the word "serve" as opposed to the word "teach" in R. C. 3319.11 clearly signifies its intention to allow a continuing contract of employment as a teacher to be issued to the appellant, whose service to the school district was not confined to the classroom.

Since appellant has served the school district as an assistant principal and has met all the other requirements of R. C. 3319.11, he is entitled to a continuing contract of employment as a teacher. Employment of a teacher in an administrative position is governed by R. C. 3319.02.

Therefore, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissents.