THE STATE, EX REL. BRENNAN, APPELLANT, *v.* VINTON COUNTY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as State, ex rel. Brennan, *v.* Vinton Cty. Local Bd. of Edn. (1985), 18 Ohio St. 3d 208.]

(No. 83-1914—Decided July 17, 1985.)

*Oths, Foley & Heiser* and *Mark A. Foley,* for appellant.
*John G. Gosling,* prosecuting attorney, for appellee.

*Per Curiam.* The issue before this court is whether R.C. 3319.02, as amended effective October 10, 1980, is applicable to the facts before us. For the following reasons we hold R.C. 3319.02 is applicable, and therefore reverse the court of appeals and allow the writ of mandamus.

R.C. 3319.02 reads in pertinent part:

"An assistant superintendent, principal, assistant principal, or other administrator is, at the expiration of his current term of employment, deemed reemployed for a term of one year at the same salary plus any increments that may be authorized by the board of education, unless he notifies the board in writing to the contrary on or before the first day of June, or unless such board, on or before the last day of March of the year in which his contract of employment expires, either reemploys him for a succeeding term or gives him *written notice* of its intention not to reemploy him." (Emphasis added.)

We recently noted in interpreting an analogous statutory provision with respect to teachers (R.C. 3319.11) that the written-notice provision was mandatory. *State, ex rel. Lee,* v. *Bellefontaine Bd. of Edn.* (1985), 17 Ohio St. 3d 124. Similarly, the instant provision requires *written* notice prior to the nonrenewal of employment for, *inter alia,* principals. We are therefore compelled, under our prior holding in *State, ex rel. Lee, supra,* and the plain-meaning rule stipulated in R.C. 1.42, to hold the written notice provision in R.C. 3319.02 to be mandatory.

Appellee argued in the court below that R.C. 3319.02 should be inapplicable to the instant set of facts because the statute, in its present form, has explicit prospective application from October 10, 1980. Since the contract in force prior to the March 1981 nonrenewal date began on September 8, 1980, appellee posits the statute should not apply. We decline to adopt this position, however, because the contract in question here would only have begun after the expiration of the prior contract on June 30, 1981, and therefore not prior to October 10, 1980.

Moreover, because R.C. 3319.02 is remedial in nature it must be liberally construed in favor of appellant herein (R.C. 1.11). Such statutes are also generally considered applicable to proceedings, such as the cause *sub judice,* conducted after the statute is deemed effective. *State, ex rel Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175 [40 O.O.2d 162].

It is well-settled that to issue a writ of mandamus our analysis "requires a tripartite determination of whether relator has established a clear legal right to the relief prayed for, whether respondent has a clear legal duty to perform the requested act, and whether relator has no plain and adequate remedy in the ordinary course of law." *State, ex rel. Jenkins,* v. *Tyack* (1985), 17 Ohio St. 3d 242, 245. Because we have determined that R.C. 3319.02 is applicable to the instant case, it is evident that appellant has a legal right to a continuing contract by virtue of appellees' failure to fulfill its clear legal duty to provide written notification prior to the nonrenewal of appellant's contract. In addition, no plain and adequate remedy at law exists for appellant to compel appellee to renew his contract.

We therefore reverse the judgment of the court of appeals and allow the writ of mandamus.

*Judgment reversed*
*and writ allowed.*

CELEBREZZE, C.J., LOCHER, C. BROWN and DOUGLAS, JJ., concur.

SWEENEY, J., dissents.

HOLMES and WRIGHT, JJ., separately dissent.

HOLMES, J., dissenting. I dissent, in that I believe the majority is construing the language of R.C. 3319.02 in a hypertechnical fashion in relation to the facts presented here. The relator, Robert L. Brennan, had been in fact given ample notice of the board's action. Such notice was given by the Vinton County Superintendent of Schools, Herbert Burson, who extended the opportunity to attend the board meeting on the evening of March 30, 1981. Relator had even requested the opportunity to submit a letter of resignation rather than have his record show a non-renewal. However, prior to the board meeting, the relator stated to the assistant superintendent that he had changed his mind and would not submit his resignation. Relator thereafter contacted the superintendent and told him that he would not attend the board meeting.

All of these acts clearly point to actual notification and knowledge by relator of the board's non-renewal of his contract. What more does the statute intend?

I am in total agreement with the majority of the court of appeals here, whose position is aptly stated by Judge Stephenson in his concurrence, as follows:

"* * * [I]t is apparent that the board chose to give the required notice through its executive officer, Mr. Burson, and such notice including the right to attend the executive session in which renewal or nonrenewal of his contract would be discussed, was in fact given and relator declined to exercise his statutory right of attendance. Such procedure of giving notice is sufficient under the statute."

Accordingly, I would affirm the court of appeals.

WRIGHT, J., dissenting. The majority opinion is compelling if one accepts the reasoning contained in *State, ex rel. Lee,* v. *Bellefontaine Bd. of Edn.* (1985), 17 Ohio St. 3d 124. I did not agree with the holding in that case. In the case at bar appellant received actual notice from his superintendent of his intention not to recommend appellant for renewal of his contract along with the superintendent's specific reasons therefor. Appellant was invited to the meeting at which the board was to consider the matter, but for whatever reason decided not to make an appearance to demur to his superintendent's recommendation for non-renewal of his contract. In conformance with my dissent in *Bellefontaine, supra,* we have again reached a result which is at war with any sound public policy considerations in support thereof.

This case extends *Bellefontaine, supra,* inasmuch as this appellant admittedly received actual notice from his superintendent as to his intent not to recommend him for renewal of his contract along with the precise reasons for said recommendation. Further, this appellant received actual notice of the board meeting at which the board was to consider said recommendation and had every opportunity to protest same.

Thus, I must respectfully dissent.