THE STATE, EX REL. LUCKEY, *v.* ETHERIDGE ET AL.

[Cite as *State, ex rel. Luckey, v. Etheridge*
(1992), 62 Ohio St.3d 404.]

(No. 90–1203—Submitted October 15, 1991—Decided January 22, 1992.)

*Spater, Gittes, Schulte & Kolman* and *Alexander M. Spater*, for relator.

*Lawrence H. Braun*, for respondents.

SWEENEY, J.  The determinative issue before us is whether relator received proper notice from the board of education of its decision not to reemploy her in her position as an assistant superintendent.  For the reasons that follow, we hold that relator did not receive proper notice pursuant to R.C. 3319.02.

R.C. 3319.02(C) provides in pertinent part:

"An assistant superintendent, principal, assistant principal, or other administrator is, at the expiration of his current term of employment, deemed reemployed at the same salary plus any increments that may be authorized by the board of education, unless he notifies the board in writing to the contrary on or before the first day of June, or unless such board, on or before the last day of March of the year in which his contract of employment expires, either reemploys him for a succeeding term or gives him *written notice* of its intention not to reemploy him.  * * * " (Emphasis added.)

In *State, ex rel. Brennan, v. Vinton Cty. Local Bd. of Edn.* (1985), 18 Ohio St.3d 208, 209, 18 OBR 271, 272, 480 N.E.2d 476, 477, this court stated that under the plain-meaning rule stipulated in R.C. 1.42, the foregoing statutory

provision[1] must be viewed as mandating written notice whenever the board of education chooses not to reemploy administrators. R.C. 3319.11 sets forth a similar standard with regard to teachers who are eligible for continuing contract status. *State, ex rel. Lee, v. Bellefontaine City Bd. of Edn.* (1985), 17 Ohio St.3d 124, 17 OBR 271, 477 N.E.2d 1135 (construing former R.C. 3319.11).

Additionally, *Brennan, supra,* holds that R.C. 3319.02 is remedial in nature and that, therefore, the statute must be liberally construed in favor of relator. R.C. 1.11.

A careful review of the record reveals that written notice was not tendered to relator within the time frame contemplated in R.C. 3319.02(C). While the record indicates that in a letter dated January 10, 1990, respondent Etheridge informed relator of his intention to recommend to the board of education that her contract not be renewed, such letter does not satisfy the strictures of R.C. 3319.02(C). Not only was Etheridge's letter not written on behalf of the board; the letter gives a clear implication that the renewal or non-renewal of relator's contract had not yet been decided. The Etheridge letter stated in relevant part that relator " * * * may request a meeting with the Board to discuss the Board's reasons for considering the renewal or non-renewal of your current contract * * *."

The record further reveals that relator almost immediately responded to Etheridge's letter in writing, formally requesting a meeting with the board of education. However, the record contains no *timely* written notice issued by the board of education stating that relator's contract would not be renewed. Moreover, given the express terms of the statute, we reject the argument that relator waived her statutory right to a timely written notice by seeking the TRO in the common pleas court. Given our prior holding in *Brennan, supra,* the respondent board of education was duty-bound to comply with the mandates of R.C. 3319.02(C).

Given the foregoing set of circumstances, we are compelled to reaffirm our prior pronouncement in *Brennan, supra,* and hold that pursuant to R.C. 3319.02(C), a board of education must provide written notice of its intention not to reemploy an assistant superintendent, principal, assistant principal or other administrator on or before the last day of March of the year in which the contract of employment expires.

Accordingly, since relator has established a clear legal right to have her contract renewed in the absence of a timely written notice of non-renewal

---

1. The portion of R.C. 3319.02 construed in *Brennan, supra,* now appears in R.C. 3319.02(C), with a minor amendment not relevant here.

pursuant to R.C. 3319.02(C), *Brennan, supra,* and since relator has no plain and adequate remedy in the ordinary course of law to compel the respondent board of education to renew her contract, a writ of mandamus is the proper remedy to redress relator's grievance herein. Given our finding that the board of education did not give relator the statutorily mandated timely notice that her contract would not be renewed, we decline to address the argument of whether a board of education is required by R.C. 3319.02(D)(3) to provide administrators with reasons whenever it decides not to renew their contracts.

Therefore, we allow the requested writ of mandamus which entitles relator to a renewal of her administrative contract, as well as lost wages.

*Writ allowed.*

DOUGLAS, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., concurs in the syllabus and in the dissent of WRIGHT, J., as it relates to the application of the syllabus to the facts of this case.

HOLMES and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. The majority finds it necessary to decide this case upon an issue that was never contested by the relator or raised by the parties, namely, the timeliness of the notice to Dr. Luckey of the board's intention not to reemploy her. In its rush to resolve this matter in relator's favor, the court inexplicably has chosen to ignore Dr. Luckey's explicit and implicit waiver of the statutory notice requirement of R.C. 3319.02 during temporary restraining order proceedings before Franklin County Court of Common Pleas Judge Reda. Judge Reda's order of April 19, 1990, which declared lapsed a March 23, 1990 order restraining the board from acting not to renew her contract, clearly indicates that Dr. Luckey waived the timeliness requirement as a condition to the granting of the restraining order. That waiver was effective then, and estops the relator now, from relying upon the statutory provision. We should not, *sua sponte,* supply relator with an argument that she is unable to raise on her own.

In *State, ex rel. Brennan, v. Vinton Cty. Local Bd. of Edn.* (1985), 18 Ohio St.3d 208, 18 OBR 271, 480 N.E.2d 476, the majority opinion declared that R.C. 3319.02 was mandatory—a position which I did not then accept. Thus, I certainly cannot countenance a further extension of *Brennan* to preclude a knowing waiver of this requirement. The result we reach here is again "at war with any sound public policy considerations in support thereof." *Id.* at 210, 18 OBR at 271, 480 N.E.2d at 478 (Wright, J., dissenting). Here, as in *Brennan,* the relator had every opportunity to contest her non-renewal. She asked for and received a hearing before the board as required by statute.

The notice given was more than adequate and certainly fulfilled the statutory purpose of R.C. 3319.02. Even if the notice provided to relator had not passed muster under R.C. 3319.02, relator's waiver unambiguously and unequivocally relieved the board of the requirement to provide notice to her by March 31, 1990 that her contract would not be renewed.

Accordingly, in conformance with my dissent in *Brennan*, and in light of relator's waiver, I must respectfully dissent.

HOLMES, J., concurs in the foregoing dissenting opinion.