**90-1203.** State, ex rel. Luckey, v. Etheridge. In Mandamus. Reported at 62 Ohio St.3d 404, 583 N.E.2d 960. On motion for rehearing. Rehearing denied.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

**90-1615.** State, ex rel. Lake Cty. Bd. of Commrs., v. Zupancic. *Lake County*, No. 89-L-14-042. Reported at 62 Ohio St.3d 297, 581 N.E.2d 1086. On motion for rehearing. Rehearing granted to the extent that the first paragraph of the opinion at page 302 is modified to read as follows:

We are mindful that since *Beard*, and in response thereto, the electorate has twice amended Article VIII to include provisions, Section 14 and Section 16, that broaden the authority of the state and its political subdivisions to assist in the construction of housing within the state. Section 14 allows the state to issue bonds for multiunit housing for persons over the age of sixty-two, and for single-family, owner-occupied dwellings. Section 16, which became operative on September 1 of this year, permits the state and political subdivisions to make grants, loans, subsidies to loans, loans to lenders, purchase of loans, and guarantees of loans to aid the housing industry in Ohio, and permits the state to issue bonds for that purpose. Appellee auditor argues that the narrow focus of these subsequent amendments indicates that the people of Ohio never intended counties to have the authority to issue bonds to support loans to construct rental housing under Section 13. Had the people wanted the counties to have such authority, the auditor contends, they would have amended the Constitution accordingly.

The above change will be made for bound volume 62 Ohio St.3d.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

**90-1728.** State Farm Ins. Co. v. Alexander. *Summit County*, No. 14531. Reported at 62 Ohio St.3d 397, 583 N.E.2d 309. On motion for rehearing or, in the alternative, on motion to consider prospective application. Rehearing denied.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

**91-1478.** State, ex rel. Hicks, v. Judges of the Court of Appeals of the First App. Dist. In Mandamus. Reported at 62 Ohio St.3d 1499, 583 N.E.2d 970. On motion for rehearing. Rehearing denied.

**91-1968.** State, ex rel. Freeman, v. State. *Franklin County*, No. 91AP-195. Reported at 62 Ohio St.3d 1510, 584 N.E.2d 743. On motion for rehearing. Rehearing denied.

**91-2056.** State v. Ismail. *Summit County*, No. 15007. Reported at 62 Ohio St.3d 1494, 583 N.E.2d 966. On motion for rehearing. Rehearing denied.

**91-2135.** Davis v. Cincinnati, Inc. *Summit County*, No. 14940. Reported at 62 Ohio St.3d 1503, 583 N.E.2d 974. On motion for rehearing. Rehearing denied.

H. BROWN, J., dissents.

MOYER, C.J., not participating.

**91-2190.** Ohio Liquor Control Comm. v. C.C. Bar's Sahara Lounge. *Franklin County*, No. 91AP-334. Reported at 62 Ohio St.3d 1508, 583 N.E.2d 1320. On motion for rehearing. Rehearing denied.

**91-2348.** Shawnee Twp. v. Allen Cty. Budget Comm. Board of Tax Appeals, No. 87-F-19. On motion for rehearing. Reported at 62 Ohio St.3d 1506, 583 N.E.2d 1318. Rehearing denied.

## DISCIPLINARY DOCKET

**91-2217.** Disciplinary Counsel v. Pagac. Paul Pagac III is found in contempt; he is indefinitely suspended from the practice of law until he complies with Disciplinary Counsel's letter of inquiry and appears before Disciplinary Counsel pursuant to a subpoena issued by the Board of Commissioners on Grievances and Discipline of the Supreme Court.