OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Yitzchak E. Gold, Assistant Court Reporter. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Smith, Appellant, v. Etheridge, Superintendent, et al., Appellees.

The State ex rel. Brown et al., Appellants, v. Columbus Public Schools et al., Appellees.

[Cite as State ex rel. Smith v. Etheridge (1992),     Ohio St.3d     .]

Schools -- Employment of administrators -- R.C. 3319.02 is a remedial statute that must be liberally construed in favor of administrators.

R.C. 3319.02 is a remedial statute that must be liberally construed in favor of administrators. (State ex rel. Brennan v. Vinton Cty. Local Bd. of Edn. [1985], 18 Ohio St.3d 208, 18 OBR 271, 480 N.E.2d 476; and State ex rel. Luckey v. Etheridge [1992], 62 Ohio St.3d 404, 583 N.E.2d 960, approved and followed.)

(Nos. 91-2483 and 91-2484 -- Submitted November 10, 1992 -- Decided December 15, 1992.)

Appeals from the Court of Appeals for Franklin County, Nos. 90AP-849 and 90AP-847.

Case No. 91-2483

Appellant, Dr. Kevin C. Smith, was employed by appellee, Columbus Public Schools, as an assistant principal at Columbus Alternative High School. On August 2, 1988, the appellee, Columbus Public Schools Board of Education ("board"), passed a resolution whereby Smith was appointed to the position of principal at Monroe Middle School. Smith asserts that he requested a new contract from his supervisors that would reflect his new position, but his supervisors told him that he did not need a new contract form since "the Board speaks through its minutes," and that, in any event, he should sign the "senior high assistant principal" contract form that he had already received from the board. Around the latter part of August 1988, the personnel office of the board informed Smith that his paycheck would be withheld until he signed the senior high assistant principal contract form he had been previously sent. Consequently, Smith signed and returned the senior high assistant principal contract form even though he was serving as a middle school principal.

On or about January 10, 1990, Smith received a letter from the appellee, Superintendent of Columbus Public Schools, Dr. Ronald E. Etheridge, which informed him of the superintendent's intention to recommend that the board not renew his administrative contract. The letter from Etheridge, however, did not specifically identify the contract being considered for nonrenewal.

On March 20, 1990, Smith met with the board in executive session wherein he discussed, inter alia, his evaluation of December 1988 and his performance as principal of Monroe Middle School.

On April 11, 1990, the board passed a resolution to nonrenew Smith's expiring contract which was listed as "Senior High Assistant Principal," and subsequently informed Smith that the board did not intend to reemploy him following the expiration of his "current administrative contract."

Thereafter, Smith filed an original action in mandamus in the court of appeals seeking to compel appellees to reemploy him as principal of Monroe Middle School. Smith further requested an award of back pay, attorney fees and costs.

In denying Smith's requested writ, the appellate court held that "R.C. 3319.08 created a contract by operation of law between relator and the Board for relator's services as principal of Monroe Middle School" and that there was no other contract of employment between Smith and the board "because a school administrator can serve in only one full-time administrative capacity at a time." The court of appeals justified the board's action by stating that "[t]he incorrect designation of [Smith's] position in the Board's resolution can be used only to identify the person whose contract is not renewed rather than to constitute nonrenewal of a nonexistent contract."

### Case No. 91-2484

Appellants, Dr. L. Wayne Brown, David R. Buxton, Dr. James Cauley, Hugh Durbin, Edna Payne, Charles E. Pollock, Titus A. Saunders, Jr., Dr. Kevin C. Smith (also the appellant in case No. 91-2483), John A. Taracko, Margaret R. Wehner, Dr. Amos J. White and Dr. Stacy Woodford, were employed by the appellee board as administrators.

On or about October 4, 1988, the board directed appellee Etheridge to engage the management consulting firm of Ernst & Whinney to assist the board in conducting an organizational audit and developing recommendations for changes in the organizational structure of Columbus Public Schools. In its final report to the board which was issued on or about April 18, 1989, Ernst & Whinney recommended, inter alia, that fifty-four administrative positions be eliminated, and that twenty-nine positions be created. The board accepted these recommendations and directed Etheridge to implement them.

In consultation with Associate Superintendents Dr. Timothy J. Ilg and Dr. Damon F. Asbury, Etheridge determined which administrative positions would be eliminated and which administrators would be nonrenewed. Ilg and Asbury met, or attempted to meet, with the administrators under their respective supervision and discuss the reasons for nonrenewal. Appellants Saunders and Taracko, however, failed or refused to meet with Ilg, their supervisor.

In letters dated January 10, 1990, Etheridge informed each of the appellants that they could "* * * request a meeting with the Board to discuss the Board's reasons for considering the renewal or non-renewal of your current contract by submitting a written request to me on or before February 16, 1990. If you request such a meeting, it will be held at the regular Board meeting on March 20, 1990 at 5:00 p.m."

Appellants therefore requested meetings with the board wherein each appellant, according to board member Richard Fahey, was given their "best shot" for renewal, under the presumption that "someone in the administration had provided [appellants] with the opportunity to know the reasons why they were being * * * recommended for nonrenewal."

On March 23, 1990, the Ohio Association of Elementary School Administrators obtained a temporary restraining order in the court of common pleas on behalf of all appellants, except Durbin and Cauley, to prevent the board from carrying out the plan to nonrenew appellants' contracts.

On March 27, 1990, Cauley was notified of the board's intention to not renew his administrative contract. On March 29, 1990, Durbin was also notified of the board's intention to not renew his administrative contract.

Shortly thereafter, the temporary restraining order expired, and the trial judge gave the board until April 30, 1990 to either reemploy or give written notice of its intention not to reemploy the remaining appellants. Consequently, on April 12, 1990, all the remaining appellants were notified that the board intended not to renew their administrative contracts, pursuant to a board resolution adopted April 11, 1990.

Subsequently, appellants filed a complaint for a writ of mandamus with the court of appeals seeking reinstatement to their former administrative positions, as well as back pay, attorney fees and costs. However, the court found appellants' claim for relief to be not well taken. In denying the requested writ, the appellate court held, inter alia, that the board essentially complied with the mandates of R.C. 3319.02 in not renewing the administrative contracts of appellants.

This court has sua sponte consolidated these causes for review and determination. The causes are now before this court upon appeals as of right.

Espy & Benton and Ben E. Espy, for appellants.

Lawrence H. Braun; Bricker & Eckler, Jerry E. Nathan and Diane R. Richards, for appellees.

A. William Sweeney, J.

I

In case No. 91-2483, we are asked whether R.C. 3319.02 requires a board of education to vote on the nonrenewal of an administrator's actual position before the board can nonrenew his or her contract. In our view, the statute requires that we answer this issue in the affirmative and, therefore, we reverse the judgment of the court of appeals below.

R.C. 3319.02(C) directs a board of education to "* * * execute a written contract of employment with each assistant superintendent, principal, assistant principal, and other administrator it employs or reemploys. * * *" This provision

also deems an administrator reemployed if the board does not notify him or her in writing of its intention not to reemploy such person on or before March 31 of the year in which the contract expires.

In State ex rel. Brennan v. Vinton Cty. Local Bd. of Edn. (1985), 18 Ohio St.3d 208, 18 OBR 271, 480 N.E.2d 476, and State ex rel. Luckey v. Etheridge (1992), 62 Ohio St.3d 404, 406, 583 N.E.2d 960, 962, we held that R.C. 3319.02 is a remedial statute that must be liberally construed in favor of administrators.

With this in mind, we first note that R.C. 3319.02 required the board to issue appellant Smith a written contract for the position of principal, but the board either failed or refused to issue a correct contract for the position to which Smith was promoted. The record indicates that the board's personnel office threatened to withhold Smith's paycheck unless and until he signed the contract which listed his former position as a senior high assistant principal. Subsequently, Smith signed the senior high assistant principal's contract, but served as the principal of Monroe Middle School. Thereafter, the board notified Smith that he was nonrenewed for a senior high assistant principal's position that he did not then hold. Under these circumstances, and given the remedial nature of R.C. 3319.02, we believe that since the board voted not to renew Smith's contract for a position he did not hold, he was automatically renewed, by operation of the statute, for the position he actually did hold, which was principal of the middle school.

Contrary to the reasoning of the court of appeals below and appellees, we find R.C. 3319.08 to be inapplicable to Smith's contract status. Ordinarily, R.C. 3319.08 will validate a contract where the board does not put such contract in writing but the employee performs his or her duties as though a written contract were present. However, in this case, Smith not only did not have a written contract for the principal's position, he was not provided sufficient or timely notice that his position as principal was to be nonrenewed. Under a clear reading of R.C. 3319.08, the board is not relieved of the requirement to provide a written contract or to provide an administrator with sufficient notice of nonrenewal.

Accordingly, we reverse the judgment of the court of appeals in case No. 91-2483, and remand the cause to that court to issue the requested writ of mandamus to validate Smith's administrative contract as a principal, as well as grant him lost wages and any other appropriate relief.

II

Turning our focus to case No. 91-2484, we note that in Luckey, supra, this court held in the syllabus:

"Pursuant to R.C. 3319.02(C), a board of education must provide written notice of its intention not to reemploy an assistant superintendent, principal, assistant principal or other administrator on or before the last day of March of the year in which the contract of employment expires."

A careful review of the record indicates that none of the appellants herein, except Cauley and Durbin, was given sufficient notice of nonrenewal of his or her administrative contract pursuant to the syllabus law announced in Luckey,

supra.

Accordingly, we reverse the judgment of the court of appeals with respect to appellants Brown, Buxton, Payne, Pollock, Saunders, Smith, Taracko, Wehner, White and Woodford, and remand the cause to that court to issue the requested writ of mandamus which entitles these appellants to a renewal of their respective administrative contracts, lost wages and any other relief deemed appropriate.

III

Given our disposition above, the only remaining issues of relevance in these appeals are as follows: (1) whether R.C. 3319.02 grants a public school administrator the right to be advised of the reasons for his or her recommended nonrenewal; and (2) whether R.C. 3319.02 requires a board of education to base a decision to nonrenew an administrative contract on the administrator's evaluation. For the reasons that follow we answer both of these questions in the negative and, therefore, affirm the judgment of the court of appeals in case No. 91-2484 on these particular issues.

A

With respect to the issue of whether R.C. 3319.02 grants administrators the right to be advised of the reasons for nonrenewal of their administrative contracts, we find that under R.C. 3319.02(C), administrators are to "be employed or reemployed in accordance with nominations of the superintendent of schools of the district except that a city * * * board of education, by a three-fourths vote, may reemploy any assistant [administrator] whom the superintendent refuses to nominate after considering two nominees for the position. * * *"

Furthermore, an administrator is deemed reemployed unless the board, on or before March 31 in the last year of the contract, gives him or her written notice of nonrenewal. In addition, R.C. 3319.02(D) states in part:

"Before taking action to renew or nonrenew the contract of an assistant superintendent, principal, assistant principal, or other administrator under this section and prior to the last day of March of the year in which such employee's contract expires, the board of education shall notify each such employee of the date that his contract expires and that he may request a meeting with the board. Upon request by such an employee, the board shall grant the employee a meeting in executive session to discuss the reasons for considering renewal or nonrenewal of his contract."

Appellants argue that R.C. 3319.02 requires a board of education to provide an administrator with reasons for its intention to nonrenew the administrator's contract and to discuss these reasons at the administrator's meeting with the board. Appellees deny this but argue, alternatively, that the board satisfies any such requirement if, as here, the administrator knows that the superintendent has recommended nonrenewal, since that recommendation is the "reason" for the board's considering nonrenewal.

In State ex rel. Saltsman v. Burton (1950), 154 Ohio St. 262, 267, 43 O.O. 136, 138, 95 N.E.2d 377, 379, this court held that a superintendent is not entitled to a continuing contract as a superintendent merely because he had tenure as a teacher, and we explained the practical and statutory differences

between an administrator and a teacher. According to our decision in Saltsman, teacher tenure Acts protect qualified teachers and prevent their arbitrary dismissal. However, the teacher tenure Acts omit administrators from coverage because administrators exercise executive and discretionary power in addition to holding professional qualifications as a teacher. See, also, State ex rel. Specht v. Painesville Twp. Local School Dist. Bd. of Edn. (1980), 63 Ohio St.2d 146, 17 O.O.3d 89, 407 N.E.2d 20.

In comparing R.C. 3319.02 with 3319.11(G), we note that R.C. 3319.11 concerns continuing contracts for teachers, and provides for written notice upon request describing the circumstances leading to the board's intention not to reemploy the teacher. R.C. 3319.11(G)(1). The statute also sets forth specific times for responses and orders a hearing before the board if requested, which may be recorded, within a specific time period. In addition, R.C. 3319.11(G)(6) requires a board to issue a written decision within ten days after the hearing.

On the other hand, the court of appeals in case No. 91-2484 concluded that the R.C. 3319.02 requirement that a board "* * * 'discuss reasons' for an administrator's nonrenewal mandates that an administrator be made aware of the underlying reasons that the Board is considering as a basis for nonrenewal of his contract so that the administrator can respond thereto."

Nevertheless, R.C. 3319.02, unlike 3319.11, does not require any written notification regarding reasons for the nonrenewal of an administrator's contract. What the statute does require is what in fact was provided to all of the appellants, viz., a meeting to discuss the reasons for considering the renewal or nonrenewal of their contracts. While appellants deny that the reasons for nonrenewal were discussed in their respective meetings with the board, we find nothing in the record which compels us to overturn the decision of the court of appeals on this issue.

In our view, appellees complied with the requirements of R.C. 3319.02 in this regard and, thus, we affirm the court of appeals' disposition with respect to this issue.

B

With respect to the issue of whether R.C. 3319.02 requires a board of education to base its decision to nonrenew on the administrator's evaluation, we note that subsection (D) of the statute provides in relevant part:

"Each board of education shall adopt procedures for the evaluation of all assistant superintendents, principals, assistant principals, and other administrators and shall evaluate such employees in accordance with those procedures. The evaluation based upon such procedures shall be considered by the board in deciding whether to renew the contract of employment of an assistant superintendent, principal, assistant principal, or other administrator. The evaluation shall measure each assistant superintendent's, principal's, assistant principal's, and other administrator's effectiveness in performing the duties included in his job description and the evaluation procedures shall provide for, but not be limited to, the following:

"(1) Each assistant superintendent, principal, assistant

principal, and other administrators shall be evaluated annually through a written evaluation process.

"(2) The evaluation shall be conducted by the superintendent or his designee.

"(3) In order to provide time to show progress in correcting the deficiencies identified in the evaluation process the completed evaluation shall be received by the evaluatee at least sixty days prior to any action by the board of education on the employee's contract of employment.

"* * *

"The establishment of an evaluation procedure shall not create an expectancy of continued employment. Nothing in this section shall prevent a board of education from making the final determination regarding the renewal of or failure to renew the contract of any assistant superintendent, principal, assistant principal, or other administrator." (Emphasis added.)

While the foregoing statutory language requires the board to consider the administrator's evaluation, it does not require the board to base its decision on such evaluations. A review of the record sub judice indicates that the board members had copies of each administrator's evaluation, and we will not assume that they did not consider such evaluations in making their determinations. In any event, the above-emphasized language indicates that even if a board did not consider an administrator's evaluation in voting to nonrenew a contract, such a failure does not by itself undermine a board's decision to nonrenew an administrative contract.

Finally, we also find no merit in appellants' argument that the board herein improperly administered a reduction in work force under R.C. 3319.17. A clear reading of the record indicates that the board decided to reduce the number of administrators by not renewing expiring contracts rather than by suspending existing contracts. Thus, R.C. 3319.02 rather than 3319.17 was the vehicle used by the board in its attempt to reduce the number of administrators within the school system.

Based on all the foregoing, we reverse the judgment of the court of appeals in case No. 91-2483 and remand the cause to that court for further proceedings.

In case No. 91-2484, we reverse the judgment of the court of appeals with respect to all appellants except Cauley and Durbin. The cause is remanded to the court of appeals to issue the requested writ of mandamus and to grant other appropriate relief. With respect to appellants Cauley and Durbin, the judgment of the court of appeals is affirmed.

Judgment accordingly.

H. Brown and Resnick, JJ., concur.

Douglas, J., concurs in part and dissents in part.

Moyer, C.J., Holmes and Wright, JJ., concur in part and dissent in part.

Douglas, J., concurring in part and dissenting in part. I concur with the syllabus law announced by the majority, and with the majority's disposition of case No. 91-2483. I concur in Part II of the opinion with regard to how the majority decides, in part, case No. 91-2484, and in Part III(B) of the opinion, as to the majority's discussion and disposition pertaining to R.C. 3319.02(D) and 3319.17. I respectfully

dissent as to the discussion and judgment of the majority in Part III(A) of the opinion.

As set forth in the majority opinion, R.C. 3319.02(D) states, in part, that "* * * [u]pon request by such an employee, the board shall grant the employee a meeting in executive session to discuss the reasons for considering renewal or nonrenewal of his contract." It is my judgment that the majority's discussion and decision as to this subdivision of the statute may be interpreted, for all practical purposes, to read it out of existence. I would find that both the statute and fundamental fairness require that reasons be given for nonrenewal.

It would appear implicit that when the General Assembly provides for a nonrenewed administrator to request and be granted a hearing before the board "to discuss the reasons for * * * nonrenewal," a necessary condition precedent therefor is that reasons for the nonrenewal be given the employee. Otherwise, the provision has no meaning and it is our duty to give credence to the entire statute--not just a part thereof. Since the record in this case clearly reflects that no reasons for nonrenewal were given the employees and, in addition, that at the meeting before the board, the employees were simply given the opportunity to express to the board why they (the employees) should have their contracts renewed, it is obvious that there has not been compliance with the statute.

Finally, there is the question of fundamental fairness. Which of us, if we were administrators, would like to face the prospect of applying for a new job in a new school district and appearing before a new school board, a new superintendent or screening committee and having to respond to the question of "Why were you nonrenewed?" with the answer "I don't know. They did not tell me." Either such response would not be believed or the worst would be assumed. Every person should know why she or he has been terminated from employment. Was it because of lack of funds, decreased enrollment, reduction in force or even just because the administrator drives a blue, rather than a red, car to work? Without being given any reasons, a stigma attaches that will be difficult, if not impossible to remove. Simply put--it is fundamentally unfair. I trust that the majority opinion will not be read to sanction such unfairness.

Accordingly, I respectfully concur in part and dissent in part.

Wright, J., concurring in part and dissenting in part. I respectfully dissent from the court's opinion in Parts I and II for the reasons I have stated previously in my dissents in State ex rel. Brennan v. Vinton Cty. Local Bd. of Edn. (1985), 18 Ohio St.3d 208, 210, 18 OBR 271, 273, 480 N.E.2d 476, 478, and State ex rel. Luckey v. Etheridge (1992), 62 Ohio St.3d 404, 407, 583 N.E.2d 960, 963. Relators received adequate notice and an opportunity to discuss the reasons for nonrenewal at the board meeting. This is sufficient to comply with R.C. 3319.02.

I concur in Part III of the majority's opinion.

Moyer, C.J., and Holmes, J., concur in the foregoing opinion.