A. William Sweeney, J.
I
In case No. 91-2483, we are asked whether R.C. 3319.02 requires a board of education to vote on the nonrenewal of an administrator’s actual position before the board can nonrenew his or her contract. In our view, the statute requires that we answer this issue in the affirmative and, therefore, we reverse the judgment of the court of appeals below.
R.C. 3319.02(C) directs a board of education to “ * * * execute a written contract of employment with each assistant superintendent, principal, assistant principal, and other administrator it employs or reemploys. * * * ” This provision also deems an administrator reemployed if the board does not notify him or her in writing of its intention not to reemploy such person on or before March 31 of the year in which the contract expires.
In State ex rel. Brennan v. Vinton Cty. Local Bd. of Edn. (1985), 18 Ohio St.3d 208, 18 OBR 271, 480 N.E.2d 476, and State ex rel. Luckey v. Etheridge (1992), 62 Ohio St.3d 404, 406, 583 N.E.2d 960, 962, we held that R.C. 3319.02 is a remedial statute that must be liberally construed in favor of administrators.
With this in mind, we first note that R.C. 3319.02 required the board to issue appellant Smith a written contract for the position of principal, but the board either failed or refused to issue a correct contract for the position to which Smith was promoted. The record indicates that the board’s personnel office threatened to withhold Smith’s paycheck unless and until he signed the contract which listed his former position as a senior high assistant principal. Subsequently, Smith signed the senior high assistant principal’s contract, but served as the principal of Monroe Middle School. Thereafter, the board notified Smith that he was nonrenewed for a senior high assistant principal’s position that he did not then hold. Under these circumstances, and given the *505 remedial nature of R.C. 3319.02, we believe that since the board voted not to renew Smith’s contract for a position he did not hold, he was automatically renewed, by operation of the statute, for the position he actually did hold, which was principal of the middle school.
Contrary to the reasoning of the court of appeals below and appellees, we find R.C. 3319.08 to be inapplicable to Smith’s contract status. Ordinarily, R.C. 3319.08 will validate a contract where the board does not put such contract in writing but the employee performs his or her duties as though a written contract were present. However, in this case, Smith not only did not have a written contract for the principal’s position, he was not provided sufficient or timely notice that his position as principal was to be nonrenewed. Under a clear reading of R.C. 3319.08, the board is not relieved of the requirement to provide a written contract or to provide an administrator with sufficient notice of nonrenewal.
Accordingly, we reverse the judgment of the court of appeals in case No. 91-2483, and remand the cause to that court to issue the requested writ of mandamus to validate Smith’s administrative contract as a principal, as well as grant him lost wages and any other appropriate relief.
II
Turning our focus to case No. 91-2484, we note that in Luckey, supra, this court held in the syllabus:
“Pursuant to R.C. 3319.02(C), a board of education must provide written notice of its intention not to reemploy an assistant superintendent, principal, assistant principal or other administrator on or before the last day of March of the year in which the contract of employment expires.”
A careful review of the record indicates that none of the appellants herein, except Cauley and Durbin, was given sufficient notice of nonrenewal of his or her administrative contract pursuant to the syllabus law announced in Luckey, supra.
Accordingly, we reverse the judgment of the court of appeals with respect to appellants Brown, Buxton, Payne, Pollock, Saunders, Smith, Taracko, Wehner, White and Woodford, and remand the cause to that court to issue the requested writ of mandamus which entitles these appellants to a renewal of their respective administrative contracts, lost wages and any other relief deemed appropriate.
Ill
Given our disposition above, the only remaining issues of relevance in these appeals are as follows: (1) whether R.C. 3319.02 grants a public school *506 administrator the right to be advised of the reasons for his or her recommended nonrenewal; and (2) whether R.C. 3319.02 requires a board of education to base a decision to nonrenew an administrative contract on the administrator’s evaluation. For the reasons that follow we answer both of these questions in the negative and, therefore, affirm the judgment of the court of appeals in case No. 91-2484 on these particular issues.
A
With respect to the issue of whether R.C. 3319.02 grants administrators the right to be advised of the reasons for nonrenewal of their administrative contracts, we find that under R.C. 3319.02(C), administrators are to “be employed or reemployed in accordance with nominations of the superintendent of schools of the district except that a city * * * board of education, by a three-fourths vote, may reemploy any assistant [administrator] whom the superintendent refuses to nominate after considering two nominees for the position. * * *”
Furthermore, an administrator is deemed reemployed unless the board, on or before March 31 in the last year of the contract, gives him or her written notice of nonrenewal. In addition, R.C. 3319.02(D) states in part:
“Before taking action to renew or nonrenew the contract of an assistant superintendent, principal, assistant principal, or other administrator under this section and prior to the last day of March of the year in which such employee’s contract expires, the board of education shall notify each such employee of the date that his contract expires and that he may request a meeting with the board. Upon request by such an employee, the board shall grant the employee a meeting in executive session to discuss the reasons for considering renewal or nonrenewal of his contract.”
Appellants argue that R.C. 3319.02 requires a board of education to provide an administrator with reasons for its intention to nonrenew the administrator’s contract and to discuss these reasons at the administrator’s meeting with the board. Appellees deny this but argue, alternatively, that the board satisfies any such requirement if, as here, the administrator knows that the superintendent has recommended nonrenewal, since that recommendation is the “reason” for the board’s considering nonrenewal.
In State ex rel. Saltsman v. Burton (1950), 154 Ohio St. 262, 267, 43 O.O. 136, 138, 95 N.E.2d 377, 379, this court held that a superintendent is not entitled to a continuing contract as a superintendent merely because he had tenure as a teacher, and we explained the practical and statutory differences between an administrator and a teacher. According to our decision in Salts-man, teacher tenure Acts protect qualified teachers and prevent their arbi *507 trary dismissal. However, the teacher tenure Acts omit administrators from coverage because administrators exercise executive and discretionary power in addition to holding professional qualifications as a teacher. See, also, State ex rel. Specht v. Painesville Twp. Local School Dist. Bd. of Edn. (1980), 63 Ohio St.2d 146, 17 O.O.3d 89, 407 N.E.2d 20.
In comparing R.C. 3319.02 with 3319.11(G), we note that R.C. 3319.11 concerns continuing contracts for teachers, and provides for written notice upon request describing the circumstances leading to the board’s intention not to reemploy the teacher. R.C. 3319.11(G)(1). The statute also sets forth specific times for responses and orders a hearing before the board if requested, which may be recorded, within a specific time period. In addition, R.C. 3319.11(G)(6) requires a board to issue a written decision within ten days after the hearing.
On the other hand, the court of appeals in case No. 91-2484 concluded that the R.C. 3319.02 requirement that a board “ * * * ‘discuss reasons’ for an administrator’s nonrenewal mandates that an administrator be made aware of the underlying reasons that the Board is considering as a basis for nonrenewal of his contract so that the administrator can respond thereto.”
Nevertheless, R.C. 3319.02, unlike 3319.11, does not require any written notification regarding reasons for the nonrenewal of an administrator’s contract. What the statute does require is what in fact was provided to all of the appellants, viz., a meeting to discuss the reasons for considering the renewal or nonrenewal of their contracts. While appellants deny that the reasons for nonrenewal were discussed in their respective meetings with the board, we find nothing in the record which compels us to overturn the decision of the court of appeals on this issue.
In our view, appellees complied with the requirements of R.C. 3319.02 in this regard and, thus, we affirm the court of appeals’ disposition with respect to this issue.
B
With respect to the issue of whether R.C. 3319.02 requires a board of education to base its decision to nonrenew on the administrator’s evaluation, we note that subsection (D) of the statute provides in relevant part:
“Each board of education shall adopt procedures for the evaluation of all assistant superintendents, principals, assistant principals, and other administrators and shall evaluate such employees in accordance with those procedures. The evaluation based upon such procedures shall be considered by the board in deciding whether to renew the contract of employment of an *508 assistant superintendent, principal, assistant principal, or other administrator. The evaluation shall measure each assistant superintendent’s, principal’s, assistant principal’s, and other administrator’s effectiveness in performing the duties included in his job description and the evaluation procedures shall provide for, but not be limited to, the following:
“(1) Each assistant superintendent, principal, assistant principal, and other administrator shall be evaluated annually through a written evaluation process.
“(2) The evaluation shall be conducted by the superintendent or his designee.
“(3) In order to provide time to show progress in correcting the deficiencies identified in the evaluation process the completed evaluation shall be received by the evaluatee at least sixty days prior to any action by the board of education on the employee’s contract of employment.
* *
“The establishment of an evaluation procedure shall not create an expectancy of continued employment. Nothing in this section shall prevent a board of education from making the final determination regarding the renewal of or failure to renew the contract of any assistant superintendent, principal, assistant principal, or other administrator.” (Emphasis added.)
While the foregoing statutory language requires the board to consider the administrator’s evaluation, it does not require the board to base its decision on such evaluations. A review of the record sub judice indicates that the board members had copies of each administrator’s evaluation, and we will not assume that they did not consider such evaluations in making their determinations. In any event, the above-emphasized language indicates that even if a board did not consider an administrator’s evaluation in voting to nonrenew a contract, such a failure does not by itself undermine a board’s decision to nonrenew an administrative contract.
Finally, we also find no merit in appellants’ argument that the board herein improperly administered a reduction in work force under R.C. 3319.17. A clear reading of the record indicates that the board decided to reduce the number of administrators by not renewing expiring contracts rather than by suspending existing contracts. Thus, R.C. 3319.02 rather than 3319.17 was the vehicle used by the board in its attempt to reduce the number of administrators within the school system.
Based on all the foregoing, we reverse the judgment of the court of appeals in case No. 91-2483 and remand the cause to that court for further proceedings.
*509 In case No. 91-2484, we reverse the judgment of the court of appeals with respect to all appellants except Cauley and Durbin. The cause is remanded to the court of appeals to issue the requested writ of mandamus and to grant other appropriate relief. With respect to appellants Cauley and Durbin, the judgment of the court of appeals is affirmed.

Judgment accordingly.

H. Brown and Resnick, JJ., concur.
Douglas, J., concurs in part and dissents in part.
■ Moyer, C.J., Holmes and Wright, JJ., concur in part and dissent in part.