OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Donaldson, Appellee, v. Athens City School
District Board of Education, Appellant.
[Cite as State ex rel. Donaldson v. Athens City School Dist.
Bd. of Edn. (1994),         Ohio St.3d        .]
Mandamus to compel board of education to reinstate relator to
     administrator's position with back pay and benefits from
     which he was non-renewed for the school years 1988-1989
     through 1991-1992 -- Writ granted when written -- Notice
     provision of R.C. 3319.02(C) not complied with -- Writ
     modified by Supreme Court denying compensation for school
     years after 1988-1989, when.
     (No. 92-1349 -- Submitted September 21, 1993 -- Decided
January 12, 1994.)
     Appeal from the Court of Appeals for Athens County, No.
1479.
     Terry D. Donaldson, appellee, requested a writ of mandamus
in the Court of Appeals for Athens County, alleging that the
Athens City School District Board of Education, appellant, had
not provided timely written notice of its intent not to issue
him an administrator's contract for the school years 1988-1989
through 1991-1992, as required by R.C. 3319.02.  The court of
appeals granted the writ and ordered the board to give
Donaldson an administrator's contract for the 1991-1992 school
year, back pay and benefits.
     The court of appeals found the following facts:
     "Donaldson was first employed by the Board in 1968.  From
then until July 1988 he was a full time employee of the Athens
City School District working in many capacities.  During the
1987-88 school year the Board employed Donaldson as 'Attendance
Officer and Coordinator of Community Education.'
     "In August 1987, the Superintendent of the Athens City
Schools notified Donaldson that he was a 'supervisor' pursuant
to R.C. 4117.01 and exempt from classified service.
     "By a letter dated July 18, 1988 the Board notified
Donaldson that it had abolished the 'unclassified position of
Coordinator of Community Education * * * effective at the
conclusion of the 1987-88 school year.'
     "Donaldson appealed the abolishing of that position to the

Athens Civil Service Commission. The Commission determined that it had no jurisdiction to consider his appeal [because Donaldson did not perform duties within the classified service]. The Athens County Common Pleas Court affirmed the Commission's order. Donaldson appealed to this court." Donaldson v. Athens City School Dist. Bd. of Edn. (June 9, 1992), Athens App. No. 1479, unreported, at 1-2.

The court of appeals granted the writ by summary judgment pursuant to Civ.R. 56, holding that the material facts were not in dispute and that Donaldson was entitled to judgment as a matter of law. The board's appeal is before this court as of right.

Cloppert, Portman, Sauter, Latanick & Foley and Russell E. Carnahan, for appellee.

Gary E. Hunter, Law Director, and Lisa A. Eliason, City Prosecutor, for appellant.

Per Curiam. This cause presents four questions for our review. First, did the court of appeals err in finding no dispute as to Donaldson's administrator status for the purpose of R.C. 3319.02? Second, did the court of appeals err in granting the writ of mandamus on the ground that the board of education did not comply with the notice requirements of R.C. 3319.02? Third, did the court of appeals err in not denying the writ on the ground that Donaldson had an adequate remedy by appeal or an independent action for breach of contract? Fourth, did the court of appeals err by not applying the doctrines of laches, collateral estoppel or res judicata to deny the writ?

For the reasons that follow, we hold that the court of appeals did not err in granting the writ. Accordingly, we affirm.

### R.C. 3319.02 and "Other Administrator" Status

The court of appeals found that the board of education had a clear duty to continue Donaldson's employment under R.C. 3319.02, the relevant portions of which have not changed since 1988. R.C. 3319.02(C) provides in part:

"An assistant superintendent, principal, assistant principal, or other administrator is, at the expiration of his current term of employment, deemed reemployed at the same salary plus any increments that may be authorized by the board of education, unless he notifies the board in writing to the contrary on or before the first day of June, or unless such board, on or before the last day of March of the year in which his contract of employment expires, either reemploys him for a succeeding term or gives him written notice of its intention not to reemploy him. The term of reemployment of a person remployed under this paragraph shall be one year, except that if such person has been employed by the school district as assistant superintendent, principal, assistant principal, or other administrator for three years or more, the term of employment shall be two years." (Emphasis added.)

We have held that written and timely notice is mandatory under R.C. 3319.02(C) and that noncompliance results in renewal of the contract. State ex rel. Luckey v. Etheridge (1992), 62 Ohio St.3d 404, 583 N.E.2d 960, syllabus; State ex rel. Brennan

v. Vinton Cty. Local School Dist. Bd. of Edn. (1985), 18 Ohio St.3d 208, 18 OBR 271, 480 N.E.2d 476. Donaldson's part-time contract for employment as a "Coordinator of Community Education" was due to expire on June 30, 1988. The board gave notice in a letter dated July 18, 1988 that this position had been "abolished effective at the end of the 1987-88 school year due to lack of continued need."

The board argues that no evidence in the record establishes Donaldson's status as an administrator and, therefore, that the court of appeals erred in finding that there was no dispute as to this material fact. The board complains that Donaldson was not shown to possess certain teaching certificates described in the R.C. 3319.02(A) definition of "other administrator." As Donaldson points out, however, these certificates are not the only indicia in the definition of "other administator":

"As used in this section, 'other administrator' means any employee in a position for which a board of education requires a certificate of the type described by division (I) [supervisor/teacher for kindergarten to twelve], (M) [pupil-personnel workers], or (O) [educational adminstrative specialists] of section 3319.22 of the Revised Code, * * * or any other employee, except the superintendent, whose job duties enable him to be considered as either a 'supervisor' or a 'management level employee,' as defined in section 4117.01 of the Revised Code." (Emphasis added.)

In a letter dated August 4, 1987, the school superintendent declared Donaldson and others to be "supervisors (administrators)" pursuant to R.C. 4117.01 and "exempt from Civil Service." The only conflicting evidence in the record is the transcript from Donaldson's unsuccessful civil service appeal in which he claimed to be classified. The court of appeals, therefore, justifiably concluded that this fact was not contested.

The board also contends that Donaldson's contract was suspended due to decreased enrollment as part of a reduction in force under R.C. 3319.17 1 and that written and timely notice pursuant to R.C. 3319.02 was not required. The board is wrong about the inapplicability of R.C. 3319.02. Even if we assume that the board suspended Donaldson's contract during a valid reduction in force under R.C. 3319.17, he was entitled to written notice before March 31, 1988, and the board did not act until July 18, 1988. Thus, Donaldson was reemployed by operation of law under R.C. 3319.02(C) before any reduction in force occurred.

Moreover, the court of appeals did not find the nonrenewal of Donaldson's contract to be part of a valid reduction in force, and neither do we. The July 18, 1988 notice to Donaldson advised that he would "not receive a contract for * * * [the part-time position of Coordinator of Community Education] for the 1988-89 school year." The notice did not purport to suspend his contract due to the conditions in R.C. 3319.17 that justify a reduction in force, or as a consequence of preferences for other administrators with greater seniority in the school system. Thus, R.C. 3319.02, not R.C. 3319.17, was the authority under which the board attempted to terminate Donaldson's employment. Accord State ex rel. Smith v.

Etheridge (1992), 65 Ohio St.3d 501, 508, 605 N.E.2d 59, 65.

## Adequate Remedy and Equitable Defenses

The board's remaining arguments are that (1) Donaldson did not establish the last condition for a writ of mandamus to issue -- the absence of an adequate remedy in the ordinary course of law, R.C. 2731.05, and (2) laches, collateral estoppel and res judicata preclude issuance of the writ. The court of appeals did not discuss these issues in its original judgment entry, but it later found no unreasonable delay in disposing of a Civ.R. 60(B) motion for relief from judgment.

The board first contends that Donaldson's civil service appeal is an adequate and available remedy. Indeed, appeal from the civil service commission would constitute an adequate remedy if Donaldson were attempting to enforce his rights as a classified public employee in this case. State ex rel. Farmer v. McCormick (1961), 171 Ohio St. 530, 14 O.O.2d 453, 172 N.E.2d 461 (mandamus may not be substituted for appeal from civil service commission order). Donaldson, however, seeks to enforce his rights as an unclassified administrator, which are rights apart from the protections afforded classified civil servants and rights which a civil service commission has no jurisdiction to determine. R.C. 124.34 and 124.40; See, also, State ex rel. Stough v. Bd. of Edn. of Norton City School Dist. (1977), 50 Ohio St.2d 47, 4 O.O. 3d 116, 362 N.E.2d 266.

The board next argues that an action for breach of contract is an adequate and available remedy. A contract action for damages, however, does not enforce the duty in R.C. 3319.02(C), which is the reason we granted a writ of mandamus in Luckey, supra. See Monaghan v. Richley (1972), 32 Ohio St.2d 190, 61 O.O.2d 425, 291 N.E.2d 462.

To successfully invoke the defense of laches, the board must show unreasonable delay and material prejudice. Smith v. Smith (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113; State ex rel. Madden v. Windham Exempted Village School Dist. Bd. of Edn. (1989), 42 Ohio St.3d 86, 90, 537 N.E.2d 646, 649-650.

The board argues that Donaldson delayed unreasonably in pursuing mandamus by waiting two and one-half years after he appealed his job abolishment to the civil service commission before filing the instant complaint. The board, however, has not explained how it was materially prejudiced by Donaldson's delay, and prejudice will not be inferred from the mere passage of time. Madden, supra, at 91, 537 N.E.2d at 650. Accordingly, laches did not require denial of the writ of mandamus.

Finally, the board maintains that the issue of Donaldson's reinstatement was finally determined in the civil service appeal, such that collateral estoppel and res judicata now bar relief through mandamus. According to Donaldson, the parties dismissed by agreement Donaldson's civil service appeal, which suggests that a final determination has been reached in that case. However, for collateral estoppel and res judicata to apply, the judgment to which preclusive effect would be given must have been issued by a court with jurisdiction over the subject matter. State ex rel. Brookpark Entertainment, Inc. v. Cuyahoga Cty. Bd. of Elections (1991), 60 Ohio St.3d 44, 47, 573 N.E.2d 596, 599-600. The jurisdiction invoked by

Donaldson's appeal from the civil service commission did not extend to claims other than those related to his alleged employment as a classified civil servant. Thus, we also reject these defenses.

## Conclusion

Based on the foregoing, we find no error in the court of appeals' decision to grant a writ of mandamus. Accordingly, we affirm the court of appeals' judgment, which compelled the board "to issue an 'other administrator's' contract to Donaldson pursuant to R.C. 3319.02 for employment through the 1991-92 school year and to pay Donaldson all back pay and benefits to which he is entitled pursuant to R.C. 3319.02 and to grant Donaldson all other benefits to which he is entitled."

Judgment affirmed.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., and Wright, J., dissent.

FOOTNOTE
1   In 1988, prior to recent amendment, R.C. 3319.17 provided:

"When by reason of decreased enrollment of pupils, return to duty of regular teachers after leaves of absence, or by reason of suspension of schools or territorial changes affecting the district, a board of education decides that it will be necessary to reduce the number of teachers, it may make a reasonable reduction. In making such reduction, the board shall proceed to suspend contracts in accordance with the recommendation of the superintendent of schools who shall, within each teaching field affected, give preference to teachers on continuing contracts and to teachers who have greater seniority. Teachers, whose continuing contracts are suspended, shall have the right of restoration to continuing service status in the order of seniority of service in the district if and when teaching positions become vacant or are created for which any of such teachers are or become qualified." 1953 Am. H.B. No. 1.

Moyer, C.J., dissenting.  I respectfully dissent from the majority opinion. Even assuming this case is not distinguishable from State ex rel. Luckey v. Etheridge (1992), 62 Ohio St.3d 404, 583 N.E.2d 960, we should not ignore the notice provided on July 18, 1988, even though it was not in time for the 1988-1989 school year. The July 18, 1988 notice advised Donaldson of the board's intent not to reemploy him, and it came before the last day of March 1989, the year in which his 1988-1989 contract expired. Thus, this notice was timely with respect to the 1989-1990 school year and should be considered sufficient under R.C. 3319.02(C) to sever his employment for the purpose of that year and each year thereafter. The majority decision gives Donaldson a windfall at the expense of the taxpayers of the Athens City School District.

Wright, J., concurs in the foregoing dissenting opinion.