JOURNAL ENTRY and OPINION
Relator, Stephen Chapnick, has filed a complaint for a writ of mandamus and a writ of prohibition. The relator seeks an order from this court that requires the respondent, the East Cleveland City School District Board of Education, to comply with R.C. 3319.02, which mandates the renewal of his contract of employment as a business manager for an additional period of two years. The relator also seeks a writ of prohibition that would prevent his transfer to another position of employment should he be re-employed by the respondent. Finally, the relator seeks attorney fees. The relator and respondent have filed competing motions for summary judgment and briefs in opposition to the competing motions for summary judgment. For the following reasons, we grant, in part, the relator's motion for summary judgment and deny the respondent's motion for summary judgment.
In 1990, the respondent employed the relator as a business manager. A written contract, captioned Administrator's Contract, was executed between the parties, which provided the following: 1) name of employee — Stephen Chapnick; 2) position of employment — Business Manager; salary rate — $59,830, level one, step five; 3) effective date of contract — September 4, 1990; 4) daily pay rate — $249.29; 5) contract period — September 4, 1990 to July 31, 1992:6) number of contract work days — 240 days; and 7) paid holidays. In addition, the original contract of employment provided that:
 * * * Whereas, the Board of Education has determined it necessary to contract for employment of an administrative officer pursuant to Section 3319.02, Ohio Revised Code, has accepted the recommendation of the Superintendent of the East Cleveland City School District that the Administrator be engaged to perform said services under a contract of employment for the period herein above set forth in Block 4, and the board of Education has approved such recommendation and has authorized this contract; and
 Whereas, the Administrator has been notified as required by Section 3307.58, Ohio Revised Code, of his duties and obligations under Chapter 3307, Ohio Revised Code, being laws pertaining to the State Teachers retirement System, as a condition of his or her employment; * * *
Following expiration of the relator's original contract of employment, a new series of four contracts, each lasting for a period of two years, was executed between the parties. Each of the relator's successive employment contracts was captioned as an Administrator's Contract and provided that the relator was employed as a business manager. The relator's most recent employment contract terminated on July 31, 2000. No new employment contract was offered by the respondent to the relator. In addition, the respondent did not provide the relator with any written notice of its intention not to re-employ the relator upon termination of the employment contract on July 31, 2000. On June 2, 2000, the relator filed his complaint for a writ of mandamus. On June 26, 2000, a guidelines hearing was held, after which a briefing schedule for the filing of stipulations of fact and dispositive motions was established by this court. On November 2, 2000, this court issued a sua sponte order, which required the parties to provide supplemental stipulations of fact that detailed the powers, duties and functions of the relator with regard to his employment as a business manager. On November 14, 2000, the parties filed the requested supplemental stipulations of fact.
In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440, citing State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. It must also be noted that when parties have jointly stipulated to facts, the sole function of this court is to apply the law to the facts placed before it. Cunningham v. J.A. Myers Co. (1964), 176 Ohio St. 410.
Herein, the parties have stipulated that the relator was employed by the respondent as a business manager through five successive employment contracts. The stipulations of fact of August 30, 2000, further contain true and accurate copies of the record of proceedings of the appointments of the relator to his position as a business manager and copies of the employment contracts as executed between the parties. The parties have also filed supplemental stipulations of fact that detail and describe the duties and responsibilities discharged by the relator when employed as a business manager.
In the case sub judice, the relator argues that he is entitled to an automatic renewal of his employment contract for the position of business manager since the respondent failed to provide, on or before the last day of March of the year 2000, written notice of its intention not to re-employ him. Specifically, the relator requests that this court issue a writ of mandamus that requires the respondent, pursuant to R.C. 3319.02(C), to execute an other administrator's contract on behalf of the relator for the 2000-02 school years and to pay him all back pay and benefits to which he is entitled under R.C. 3319.02.
We must now determine the following: 1) whether the relator possesses a clear legal right to re-employment pursuant to R.C. 3310.02; 2) whether the respondent possesses a clear legal duty to continue the relator's employment under R.C. 3319.02; and 3) whether the relator possesses an adequate remedy at law. Thus, the central question before this court is whether the relator's duties as a business manager mandated that the relator be considered as an other administrator per R.C. 3319.02(A) for the purposes of notification, re-employment and termination.
In State ex rel. Luckey v. Etheridge (1992), 62 Ohio St.3d 404, the Supreme Court of Ohio established that pursuant to R.C. 3319.02, a board of education must provide written notice of its intention not to re-employ an other administrator on or before the last day of March of the year in which the contract of employment expires. See, also, State ex rel. Donaldson v. Athens City School Dist. Bd. Of Edn. (1994),68 Ohio St.3d 145; State ex rel. Brennan v. Vinton Cty. Local Bd. Of Edn. (1985), 18 Ohio St.3d 208.
R.C. 3319.02(A) provides that:
 (A)(1) As used in this section, "other administrator" means either of the following:
 (a) Except as provided in division (A)(2) of this section, any employee in a position for which a board of education requires a license designated by rule of the department of education for being an administrator issued under section 3319.22 of the Revised Code, including a professional pupil services employee or administrative specialist or an equivalent of either one who is not employed as a school counselor and spends less than fifty per cent of the time employed teaching or working with students;
 (b) Any nonlicensed employee whose job duties enable such employee to be considered as either a "supervisor" or a "management level employee," as defined in section 4117.01 of the Revised Code.
 (2) As used in this section, "other administrator" does not include a superintendent, assistant superintendent, principal, or assistant principal.
Furthermore, R.C. 3319.02(C) provides in pertinent part that:
 * * * An assistant superintendent, principal, assistant principal, or other administrator is, at the expiration of the current term of employment, deemed reemployed at the same salary plus any increments that may be authorized by the board, unless such employee notifies the board in writing to the contrary on or before the first day of June, or unless such board, on or before the last day of March of the year in which the contract of employment expires, either reemploys such employee for a succeeding term or gives written notice of its intention not to reemploy the employee. The term of reemployment of a person reemployed under this paragraph shall be one year, except that if such person has been employed by the school district or service center as an assistant principal, assistant principal, or other administrator for three years or more, the term of employment shall be two years.
In addition, R.C. 4117.01(F), which defines the term of supervisor as used in R.C. 3319.02(A)(2), provides that:
 (F) Supervisor means any individual who has authority, in the interest of the public employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other public employees; to responsibly direct them; to adjust their grievances, or to effectively recommend such action, if the exercise of that authority is not merely routine or clerical nature, but requires the use of independent judgment, provided that:
* * *
R.C. 4117.01(L) also defines the term of management level employee as used in R.C. 3319.02(A)(2), and provides that:
 (L) Management level employee means an individual who formulates policy on behalf of the public employer, who responsibly directs the implementation of policy, or who may reasonably be required on behalf of the public employer to assist in the preparation for the preparation for the conduct of collective negotiations administer collectively negotiated agreements, or have a major role in personnel administration.
* * *
Upon review of the original stipulations of fact and the additional stipulations of fact, as jointly filed by the parties on November 14, 2000, this court can but find that the relator's employment as a business manager cloaked the relator with the protective re-employment requirement as contained in R.C. 3319.01(C). The additional stipulations of fact, in essence, provide that the relator discharged the following duties and responsibilities: 1) prepared budget control and budget forecasting; 2) negotiated, prepared and executed contracts with regard to food services, transportation services, maintenance services and security services; 3) operated, maintained and repaired all buildings owned by the respondent; 4) secured and evaluated bids for buses and other forms of transportation; 5) planned, implemented and directed the school lunch and breakfast programs; 6) contracted and administered security services for the respondent; 7) secured, negotiated and administered all rentals and leases for Shaw football field, Korb auditorium and gymnasiums; 8) prepared county tax budgets and annual appropriation resolutions; and 9) recommended the hiring, termination and discipline for classified staff, which included food service workers, transportation employees, custodial staff and maintenance employees. It must also be noted that R.C. 3319.04, which defines the power and duties of a business manager, provides that:
 The business manager shall have the care and custody of all property of the school district, real or personal, except moneys, supervise the construction of buildings in the process of erection, and the maintenance, operation, and repairs thereof, advertise for bids, and purchase and have custody of all supplies and equipment authorized by the board. He shall assist in the preparation of the annual appropriation resolution, shall appoint and may discharge, subject to confirmation by the board, noneducational employees, and shall prepare and execute all contracts necessary in carrying out this section.
The aforesaid duties and responsibilities, as previously discharged by the relator while employed as a business manager, fall within the definitions of both supervisor and management level employee as provided in R.C. 4117.01. As either a supervisor or a management level employee, the relator should have been considered by the respondent as an other administrator and thus entitled to the re-employment protection of R.C.3319.02(C). The relator was entitled to automatic re-employment for a period of two year as specifically provided by R.C. 3319.02(C) since the respondent did not provide the relator, on or before the last day of March of the year 2000, with written notice of its intention not to re-employ the relator. Clearly, the relator possessed a right to re-employment pursuant to the application of R.C. 3319.02 since he was an other administrator, and the respondent possessed a duty to re-employ the relator vis-a-vis the failure to provide the relator with notice of its intention of not to re-employ him by the last day of March of the year 2000. Donaldson, supra. We also find that the relator possessed no other adequate remedy at law since an action for breach of contract may not be employed to enforce the rights and duties contained in R.C. 3319.02. Luckey, supra; Monaghan v. Richley (1972), 32 Ohio St.2d 190.
Accordingly, we grant the relator's motion for summary judgment, in part, and issue a writ of mandamus on behalf of the relator that requires the respondent to issue an other administrator's contract to the relator pursuant to R.C. 3319.02 for employment and to pay the relator all back pay and benefits to which he is entitled pursuant to R.C. 3319.02 and all other benefits to which the relator is entitled. Relator's request for a writ of prohibition, which prevents the transfer of the relator to another position of employment, is denied. Relator's request for attorney fees is denied. Respondent's motion for summary judgment is denied. Costs to respondent. Writ granted.
 _________________________ KENNETH A. ROCCO, P.J.
ANN DYKE, A.J. CONCURS JAMES D. SWEENEY, J. CONCURS