It follows that there was no error in the judgment of the court below, and it will be affirmed.

W. B. Page and J. T. Holmes, for plaintiff.

W. C. McFarland and Taylor & Taylor, for defendant.

577                          .LIFE INSURANCE.

[Hamilton Circuit Court, November Term, 1888.]

Smith, Swing and Cox, JJ.

YOUNG MEN'S MUTUAL LIFE ASSN. v. ALICE K. POLLARD ET AL.

"HEIRS" CONSTRUED TO MEAN DISTRIBUTEES OF PERSONAL PROPERTY UNDER STATUTES OF DESCENT.

> P. became a member of a Mutual Life Association, and received a policy, which on his death entitled his "heirs" to receive a certain sum from the association. He died, leaving a widow and one child surviving him; Held, that his widow and child were his heirs as to said sum, and took it as tenants in common, and in the proportions fixed by the statute of descent and distribution, secs. 4163, 6194, Rev. Stat., when the intestate has died, leaving a widow, and a child or children.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

On the 10th day of July, 1885, George A. Pollard became a member of the plaintiff company, which was organized under sec. 3630, Rev. Stat., and received a policy of insurance, which on his death entitled his "heirs" to receive $1,000 from the association. When the policy was issued, he was unmarried, but was the father of a daughter by a former marriage. Soon after he became a member of the association he married again, and not long thereafter died, leaving his widow and child surviving him. The only question in the case is this: To whom is the $1,000 payable? Does it go to the daughter alone, or does the widow share therein—and if so, how is the fund to be divided between them?

At common law an "heir" is defined to be "one who is born or begotten in lawful wedlock, and upon whom the law casts the estate in lands, tenements or hereditaments, immediately upon the death of his ancestor."

If the word then, as used in this policy, is to receive its strict legal meaning as above given, it would seem clear that Mrs. Pollard would not be entitled to share in this fund—for it consists of personal estate only. And under our statutes regulating the descent of real estate, she would not be the "heir" of her husband to any estate of which he died seized, if he left a child surviving him, whether the estate was ancestral or non-ancestral. The only interest she would have taken therein at his death, would be her right to dower.

The controversy here is as to personal estate. It would seem reasonable, then, to conclude, that the term "heirs," as used in the policy, should be held to mean those who, under the laws of this state, would be his "heirs" as to personal estate (if it is admissible to use the word with reference to such property), and not

to those who would take his real estate if he died intestate. And such is the clear doctrine of the law.

In 7 Allen, 72, it was held that "when the word 'heirs' is used in a gift of personalty, it should primarily be held to refer to those entitled to take under the statute of distributions." And in Hawkins on Wills, p. 92, note, it is said: "In this country the meaning of the term 'heirs' depends upon the nature of the property; and whether the gift be substitutional or original, a bequest of personalty to the heirs of A. is a gift to those who would be entitled to the personal estate of A. under the statute of distributions."

Is Mrs. Pollard a person who would take personal estate from her husband, on the distribution of his personal estate, dying intestate? Sec. 4163, Rev. Stat., which appears in the chapter regulating descent and distribution, provides that any property of an intestate, to be distributed, shall pass agreeably to the course prescribed in sec. 4159 (which regulates the descent of non-ancestral estates), saving, however, such right as any widow may have to any portion of such personal estate. And sec. 6194, which appears in the chapter as to executors and administrators, but which must be considered as a part of sec. 4159 and 4163, defines and fixes what share thereof the widow takes, as next of kin, whether her husband left surviving him a child or not—giving her the whole in the one case, and in the other the half of the first $400, and one-third of the residue.

The widow then, by virtue of these statutes, takes a certain share of the estate of her husband, left for distribution. Can it be said that she does so as an "heir"?

There can be no doubt but that, if the provision was made in a will, it would be held to apply as well to a widow as to a child. There are many decisions to this effect, and it does not seem to be denied by counsel for the daughter. We incline to the opinion that where a man attempts to make a provision by a policy of this kind for his family, after his death, it is in the nature of a testamentary arrangement, and should receive the same liberal construction.

But aside from this suggestion, it is the holding of courts of authority, that a husband or wife who takes under the statute, may properly be called an "heir," and take in that capacity. In 109 Mass., 589, which was a case where a woman had conveyed personal property to a trustee to hold for her use, during her life, and on her death, "to convey and pay over the trust property to her heirs," the court took the same view, and directed the payment of the whole sum to the surviving husband, in preference to her own child, such being the statute of distribution in that state.

But there are several Ohio cases which lead to the same conclusion. In Ferguson v. Stuart, 14 O., 140, the court in construing the language in the will of a testator, "that the money aforesaid go to my heirs," say, "the law determines who are a man's heirs, and this leaves that portion of the estate, not specifically disposed by the will, to the statutes of descent and distribution, to designate the heirship precisely as though no will had been made. The act, under the circumstances alleged in the bill, declares the wife an heir." There is language to the same effect in the decision of the case of Collier v. Collier, 3 O. S. 369— in Conger v. Conger, 11 O. S. 1, and in Townsend's Ex'rs v. Townsend, 25 O. S. 488.

As the widow then, in our judgment, comes within the meaning of the term "heirs," as used in this policy, what share of it shall she take?

It is the claim of the counsel for Mrs. Pollard, that as the policy provides that the money be paid to a class, viz., his heirs, that the two persons found to answer this description take equally, there being nothing to show a different intention.

It must be conceded that such is the general rule—but we have great doubt whether it applies to a case of this kind; and there are authorities which support this idea, viz.: that when resort has to be had to the statutes of descent or dis-

tribution to ascertain who are the persons who take the fund, such statutes, as stated in 2 Jarman on Wills, Randolph & Talcott's Ed., 662, "not only determine the objects of the gift, but also regulate the proportions in which they take. And a gift to heirs, or legal representatives, where either expression is construed next of kin, is brought by the implied reference to the statute under the same rule." . Many authorities are there cited to sustain those propositions. Among others, that of Jacobs v. Jacobs, 1 Beavan, 557, where a bequest was made by a testatrix to be equally divided between her son A. and her son-in-law B., or to their heirs. One of the parties (B.) died before the term fixed for payment, leaving a widow and seven children, and the question was how his share was to be divided. And the court held, that his next of kin, according to the statute, at the time of his decease, were entitled to it, and took as tenants in common, and in the proportions fixed by the statute.

Our statute of descent and distribution proceeds on the theory of representation. If Pollard had left one child and several grandchildren, issue of a deceased child, can it be claimed that all would share equally in a case of this kind? We think the principle of representation would apply, and the grandchildren would only take the share their parent would have taken if living. And in this case, though with some question as to its correctness, we hold that the widow and child take the interest they would have taken had the fund come to them as distributees—viz.: the widow $400, and the child $600.

Judge Cox is of the opinion that the wife is not an heir, in the meaning of the policy, and that she should receive no part of the fund.

Perry & Jenney, for the Association.

Wm. Cornell, for the daughter W. M. Kemper and the widow.

---

581 **MANDAMUS—NEW TRIAL.**