By the Court.
 

 The statutes involved in the present case are Sections 4842, 4842-7, 4842-8, 4842-9 and 4842-12, General Code, which read in part as follows:
 

 Section 4842. “The board of education in each county, city, and exempted village school district shall,
 
 *265
 
 at a regular meeting held not later than July first of the calendar year in which the term of the superintendent expires, appoint a person possessed of the qualifications hereinafter provided, to act as superintendent of the public schools of the district, for a term not longer than five years, beginning August first and ending on the thirty-first day of July. If the superintendent is employed on a continuing contract, the board of education may, by resolution, designate that he is to continue in the position of superintendent for a term not to exceed five years, and he may not be transferred to any other position during such term. * * Such superintendent shall be the executive officer for the board of education, direct and assign teachers and other employees of the schools under his supervision, * * * assign the pupils of the schools under his supervision to the proper schools and grades * *
 

 Section 4842-7. “Contracts for the employment of teachers shall be of two types; limited contracts and continuing contracts. A limited contract for a superintendent shall be a contract for such term as authorized bv Section 4842 of the General Code, and for all other teachers, as hereinafter defined, for a term not to exceed five years. A continuing contract shall be a contract which shall remain in full force and effect until the teacher resigns, elects to retire, or is retired pursuant to Section 7896-34 of the General Code, or until it is terminated or suspended as provided by law and shall be granted only to teachers holding professional, permanent or life certificates.
 

 “The term ‘teacher’ as used in this act shall be deemed to mean and include all persons certified to teach and who are employed in the public schools of this state as instructors, principals, supervisors, superintendents or in any other educational position for which the employing board requires certification.”
 

 Section 4842-8. “Upon the recommendation of the
 
 *266
 
 superintendent of schools that a teacher eligible, for continuing service status be re-employed, a continuing contract shall be entered into between a board of education and such teacher unless the board by a three-fourths vote of its full membership rejects the superintendent’s recommendation. However, the superintendent may recommend re-employment of such teacher, if continuing service status has not previously been attained elsewhere, under a limited contract for not to exceed two years * * * but upon subsequent re-employment only a continuing contract may be entered into.”
 

 Section 4842-9. “A teacher employed as assistant superintendent, principal, supervisor or other administrative head may be transferred to a lesser administrative position or to a teaching position upon recommendation of the superintendent of schools and approval of the board of education. A teacher employed as superintendent may be transferred to another position by a majority vote of the board of education. In no event shall the salary of any teacher so transferred be fixed at a rate lower than the highest paid in the district for the type of position to other teachers with similar training and experience.”
 

 Section 4842-12. “The contract of a teacher may not be terminated except for gross inefficiency or immorality; for wilful and persistent violations of reasonable regulations of the board of education; or for other good and just cause.”
 

 The question before us is whether under the law of Ohio the board was compelled to give relator a continuing contract as superintendent of the Mahoning county schools and to keep him in that position until he died, resigned, retired, or was discharged under the provisions of Section 4842-12, General Code.
 

 The Teachers’ Tenure Act is designed to safeguard the employment of faithful and efficient teachers and
 
 *267
 
 to prevent the termination of their employment resulting from changes in the personnel or political complexion of hoards of education.
 

 We approve the following language of Judge Zimmerman in the case of
 
 State, ex rel. Bishop,
 
 v.
 
 Board of Education of Mt. Orab Village School Dist.,
 
 139 Ohio St., 427, 438, 40 N. E. (2d), 913:
 

 ‘ ‘ In recent years, legislation in the form of teachers ’ tenure acts has been enacted by a number of states for the protection of those established and qualified in the teaching profession and to prevent their arbitrary dismissal. Such legislation bears a resemblance to the older civil service laws, and the general constitutionality of teachers tenure acts has been upheld by the courts as a valid exercise of legislative power. ’ ’
 

 In practice, however, it has quite generally been the custom to exempt from the classified civil service positions which entail the exercise of executive and discretionary power, upon the theory that there are in addition to ability to pass examinations qualifications which are essential to the efficient exercise of such power. Obviously, a superintendent of schools falls into such a group. Section 4842, General Code, makes him the executive officer for the board of education to direct and assign teachers and other employees of the schools, and to assign pupils to proper schools and grades. His work is of a highly executive nature, requiring wise use of widely discretionary power.
 

 It is true that Section 4842-7, General Code, provides that the term, “teacher,” shall include all persons certified to teach and who are employed in the public schools as instructors, principals, supervisors, superintendents, or in any other educational position for which the employing board requires certification. But the statutes we have quoted hereinbefore recognize a difference between the classroom teacher and the superintendent.
 

 
 *268
 
 Section 4842-7 provides for teachers contracts of two types, limited and continuing.
 

 Section 4842 provides for the appointment of a superintendent for a term not to exceed five years, and that is the limit of his term whether he be on a continuing contract or otherwise.
 

 Section 4842-8 provides for a continuing contract for an eligible teacher upon the recommendation of the superintendent, and if such recommendation is forthcoming, a continuing contract with such teacher shall be entered into between a board of education and such teacher unless the board by a three-fourths vote rejects the superintendent’s recommendation.
 

 Section 4842-9 provides that a teacher employed as superintendent may be transferred to another position by a majority vote of the board of education.
 

 Although Section 4842-7, in its definition of the term, “teacher,” is somewhat confusing in view of the provisions of Sections 4842 and 4842-8, it is obvious that the General Assembly intended that one employed as a superintendent of schools is subject to be not re-employed as superintendent by the board of education.
 

 Statutes must be construed, if possible, to operate sensibly and not to accomplish foolish results. It would be foolish if a classroom teacher and a superintendent were so much the same that under Section 4842-8 the superintendent should have a continuing contract provided he recommended himself for the same, but, even if this interpretation were correct, in the present case the recommendation of relator by himself was not effective because more than three-fourths of the membership of the board rejected it.
 

 Relator conceded in argument that, if there were another position covered by the Teachers ’ Tenure Act to- which the board could transfer relator, such board
 
 *269
 
 would have the power to do so, but he maintains that since a county board of education hires only a superintendent, assistant superintendents and sueh other administrative officers as are deemed necessary, and the local boards in the county hire the teachers, principals, etc., and since the board hired only a superintendent and no other administrative officers, there is no place to which relator may be transferred and, therefore, he must be retained as superintendent.
 

 A somewhat similar situation was presented in the case of
 
 State, ex rel. Frank,
 
 v.
 
 Meigs County Board of Education,
 
 140 Ohio St., 381, 44 N. E. (2d), 455, where the relator held a teacher’s life certificate; had been under contract with the board of education of Meigs county as assistant county superintendent for six years; and was continuously employed as a teacher in the public schools of Meigs county for a period of 13 years prior to his employment as assistant county superintendent.
 

 That action was one in mandamus to compel the board of education to issue to the relator a continuing contract for the position of assistant superintendent. The board of education had adopted a resolution to the effect that, as a matter of economy, the position of assistant county superintendent of schools was abolished and, thereupon, the relator in that case was notified that he would not be re-employed. This court held:
 

 ‘ ‘ To hold that a county board of education, having once established a position in the county public schools, has no power under the law to abolish it, even though there be a sufficient cause, would, in the opinion of the court, seriously challenge the constitutionality of the law itself.
 

 <
 
 í
 
 iphg relator is seeking a writ to require the board of education to enter into a continuing contract with him for a special position in the school system. This
 
 *270
 
 requires Mm to show that he has a clear legal right to such restitution. In the opinion of the court, he has not done so.”
 

 In view of the facts that the position of superintendent of schools is a special position entailing large executive and discretionary powers, that, under the law, a person holding that position is not entitled to a contract exceeding five years in length, and that, in the present case, more than three-fourths of the members of the board rejected the proposition to give relator a continuing contract and, at its expiration, terminated the one under which he was serving, it seems to us that relator has not shown a clear legal right to the relief for which he prayed in his petition.
 

 Since there is no other position covered by the Teachers’ Tenure Act to which it is within the power of the board to appoint relator, there was no possibility of transferring him to such a position.
 

 The judgment of the Court of Appeals is reversed and the cause remanded to that court with instructions to sustain the demurrer of the board to relator’s petition.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart, Tart and Faught, JJ., concur.
 

 IT art, J., not participating.