Per Curiam.

The relator holds a life certificate authorizing him to occupy a position in either a teaching or an administrative capacity in the public schools of Ohio.
On November 1, 1945, he began to serve as super *538 intendent of the public schools of Mahoning county. His last contract was for the two-year period beginning August 1, 1948, and ending August 1, 1950. On March 8, 1950, the respondents determined by resolution not to re-employ the relator as superintendent.
He contested this action by seeking a writ of mandamus to require the respondents to retain him in the position of superintendent, claiming a continuing contract under the provisions of Section 4842, General Code. This court held that he was not entitled to a continuing contract as superintendent. State, ex rel. Saltsman, v. Burton, 154 Ohio St., 262, 95 N. E. (2d), 377.
Thereafter the relator instituted the instant action to require the respondents to appoint him to the position of elementary supervisor in the school system of that county. Here, as in the previous case, supra, the relator insists that the term ‘1 teacher, ’ ’ as used in the pertinent statutory provisions, connotes administrative as well as actual teaching employment and that therefore one employed in an administrative capacity is entitled to the benefit of the tenure provisions relating to persons engaged in actual teaching. However, in the per curiam opinion in the earlier case this court held:
“In practice, however, it has quite generally been the custom to exempt from the classified civil service positions which entail the exercise of executive and discretionary power, upon the theory that there are in addition to ability to pass examinations qualifications which are essential to the efficient exercise of such power. Obviously, a superintendent of schools falls into such a group. * * *
“* * * the statutes we have quoted hereinbefore recognize a difference between the classroom teacher and the superintendent. ’ ’
*539 In this connection, it should be observed that concededly whereas teachers are employed by local boards of education, only persons engaged in administrative work are employed by county boards; and under the provisions of Section 4842-1, General Code, “assistant superintendents and * * * other administrative officers” may be appointed for a term not exceeding four years upon nomination by the superintendent.
The court still adheres to the views expressed in the previous case, and the unnecessary language used in the first paragraph in the opinion in the case of State, ex rel. Frank, v. Meigs County Bd. of Edn., 140 Ohio St., 381, 44 N. E. (2d), 455, is disapproved.
The relator insists that although he was held not to be entitled to a continuing contract in the administrative position of superintendent, the respondents are nevertheless required to appoint him to the vacant administrative position of elementary supervisor.
One difficulty with this contention is that if teachers alone are entitled to continuing' contracts, it is immaterial what administrative position the relator is seeking.
The Court of Appeals was not in error in denying the prayer for a writ of mandamus, and the judgment is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft and Matthias, JJ., concur.
Hart, J., not participating.