Taft, J.,
concurring. I concur in the judgment for the reason that, in adopting the regulations involved, the commission did not comply with the Administrative Procedure Act (Chapter 119, Revised Code). See State, ex rel. Board of Edu *80 cation of North Canton Exempted Village School District, v. Holt, Supt., 174 Ohio St., 55. However, I cannot agree with the conclusion of the majority that Section 143.30, Revised Code, so far as it applies to city school districts, is unconstitutional.
By reason of Section 1 of Article II of the Ohio Constitution which provides that “the legislative power of the state shall he vested in a General Assembly” and of Section 7 of Article I of the Ohio Constitution which provides that “it shall be the duty of the General Assembly to pass suitable laws * * * to encourage schools and the means of instruction,” the General Assembly clearly has the power to enact civil service laws applicable to schools.
This was recognized by Zimmerman, J., when he stated in the opinion in State, ex rel. Bishop, v. Board of Education, 139 Ohio St., 427, 438, 40 N. E. (2d), 913:
“Such legislation [teachers’ tenure acts] bears a resemblance to the older civil service laws, and the general constitutionality of teachers tenure acts has been upheld by the courts as a valid exercise of legislative power.”
That statement was specifically approved in the opinion “by the court” in State, ex rel. Saltsman, v. Burton, 154 Ohio St., 262, 267, 95 N. E. (2d), 377.
The actual holding of this court in State, ex rel. Giovanello, v. Village of Lowellville, 139 Ohio St., 219, 39 N. E. (2d), 527, was that, since villages are not mentioned in Section 10 of Article XV of the Ohio Constitution, that section does not limit the power of the General Assembly to enact civil service laws applicable to villages.
In that case, it was contended that a law providing for appointments of firemen was invalid by reason of Section 10 of Article XV of the Ohio Constitution because the law authorized the making of such appointments other than (to use the words of Section 10 of Article XV) “according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations.” In disposing of that contention, it was said in the opinion by Williams, J.:
“Since villages are not mentioned * * *; therefore villages are excluded from the operation of the constitutional provision [Section 10 of Article XV]. Respondents claim, however, that ‘there is an implied limitation and restriction upon the Legisla *81 ture to pass laws that are tantamount to civil service laws for villages.’ Such an implication is inconsistent with the exclusion. In consequence the statute is not invalid for the reason urged.”
Likewise, in the instant ease, since school districts are not mentioned in Section 10 of Article XV, its limitations on the power of the General Assembly to enact laws relating to “appointments and promotions in the civil service” are not applicable to Section 143.30 so far as that statute applies to appointments and promotions in the civil service of city school districts.
O’Neill, J., concurs in the foregoing concurring opinion.