JOURNAL ENTRY AND OPINION
{¶ 1} Appellants William and Deborah Halishak ("the Halishaks") appeal the trial court's revival of a judgment against them that was originally obtained in Pennsylvania. The Halishaks assign the following errors for our review:
 "I. The trial court erred in reviving judgment against appellant based on the dormancy of the original judgment in all courts."
 "II. The trial court erred in reviving judgment against appellant based on Ohio law that requires the judgment to be revived in the court of original jurisdiction."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 Background {¶ 3} On February 3, 1999, appellee, Tube City, Inc. ("Tube City"), obtained a judgment in the State of Pennsylvania against the Halishaks in the amount of $311,350.47 for loans Tube City advanced to the Halishaks' business. Tube City sought to enforce the judgment in Ohio where the Halishaks lived; Consequently, it transferred the judgment to Ohio on February 24, 1999 and attempted to collect, to no avail. Tube City's judgment against the Halishaks remained unpaid for over five years; under R.C. 2329.07, it became dormant.
 {¶ 4} On January 31, 2008, Tube City filed a motion in the Cuyahoga Common Pleas Court to revive the judgment. The Halishaks filed a motion to dismiss the action, arguing the court was without jurisdiction to revive the judgment because the Pennsylvania court that originally entered the judgment *Page 4 
had to revive the judgment. After conducting a hearing on the motions, the trial court granted Tube City's motion to revive the judgment.
 Revival of the Judgment {¶ 5} We will address the Halishaks' first and second assigned errors together as they both concern the trial court's jurisdiction to revive the judgment that was originally entered in Pennsylvania.
 {¶ 6} The Halishaks contend that R.C. 2329.022 requires that the judgment be revived in Pennsylvania to allow the debtor to raise defenses to the judgment. We disagree. The statute merely states that foreign judgments that are properly transferred can be filed with any common pleas court and that the foreign judgment is subject to "the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas."
 {¶ 7} Nonetheless, we will address the Halishaks' underlying argument in which they contend that a judgment becomes dormant after five years in Pennsylvania. This is incorrect. Under Pennsylvania law, a judgment is good and may be executed against personal property for 20 years after entry. 42 Pa.C.S.A. § 5529, states:
 " § 5529. Twenty year limitation *Page 5 
 "(a) Execution against personal property. — An execution against personal property must be issued within 20 years after the entry of the judgment upon which the execution is to be issued."
 {¶ 8} However, when a judgment lien is entered on real property, the lien only has priority for five years, after which it must be revived.42 Pa.C.S.A. § 5526 provides:
 " § 5526. Five year limitation
 "The following actions and proceedings must be commenced within five years:
 "(1) An action for revival of a judgment lien on real property.
 "(2) An action for specific performance of contract for sale of real property or for damages for noncompliance therewith.
 "(3) An action to enforce any equity of redemption or any implied or resulting trusts as to real property * * *."
 {¶ 9} Thus, based on the foregoing Pennsylvania law, a judgment regarding personal property does not become dormant or require revival after five years. Only the lien and the priority as to the real property created by the lien become dormant unless reactivated after five years.
 {¶ 10} Because there is no real property at issue in the instant case, the judgment transferred to Ohio continues to be valid and capable of supporting a garnishment of wages until 2019 under Pennsylvania law. Thus, the trial court properly held that Tube City was not required to revive the judgment in Pennsylvania. *Page 6 
 {¶ 11} The Halishaks also contend that pursuant to R.C. 2325.15, only the originating court can revive a judgment. The Halishaks failed to raise this issue in the court below; however, because it concerns the trial court's jurisdiction over the matter, they have not waived the issue.[1]
 {¶ 12} We conclude the argument is without merit. R.C. 2325.15 allows a dormant judgment to be revived on judgments "filed in the court of common pleas for execution." This is what occurred in the instant case when Tube City originally transferred the judgment to the Cuyahoga Court of Common Pleas. Therefore, R.C. 2325.15 clearly permits the trial court to revive the judgment in the instant case.
 {¶ 13} At oral argument, the Halishaks' attorney argued that because the judgment was not collected within five years in Ohio it is no longer collectible. However, once the five years in Ohio is exceeded, the judgment becomes dormant, not uncollectible.[2] The dormant judgment is then subject to revival under R.C. 2325.15. In Ohio, there is a ten-year period to revive the judgment after it has become dormant.[3]
Tube City's revival action was filed nine years *Page 7 
after the judgment was entered; therefore, the judgment was properly revived in a timely manner. Accordingly, the Halishaks' first and second assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR.
[1] State ex rel. White v. Cuyahoga Metro.Hous. Auth.,79 Ohio St.3d 543, 544, 1997-Ohio-366; Automated Solutions Corp. v. Paragon DataSys., 167 Ohio App.3d 685, 2006-Ohio-3492.
[2] Geauga Savings Bank v. Nall (Sept. 30, 1999), 11th Dist. No. 98-G-2152.
[3] See R.C. 2325.18(A). *Page 1