[Cite as *Adlaka v. Montella*, 2013-Ohio-1276.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KAREN ADLAKA dba<br>TRIAD ENTERPRISES | ) | CASE NO. 11 MA 133 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| KIM MONTELLA, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                   Pleas of Mahoning County, Ohio
                                   Case No. 94 CV 2790

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiff-Appellant:           Atty. Patrick E. Parry
                                   Urban Co., L.P.A.
                                   434 High St. NE
                                   P.O. Box 792
                                   Warren, Ohio  44482

For Defendant-Appellee:            Atty. Adam J. Russ
                                   Frantz Ward LLP
                                   2500 Key Center
                                   127 Public Square
                                   Cleveland, Ohio  44114-4230

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                   Dated:  March 29, 2013

WAITE, J.

**{¶1}** On June 1, 2011, Appellant Karen L. Adlaka filed a motion in the Mahoning County Court of Common Pleas to revive a dormant judgment. The judgment debtors were Kim Montella (a.k.a. Kimberly S. Sharshan), and Appellee Carole A. Tirotta. The motion was granted. Appellee filed a motion for reconsideration of the revival order. Appellee sought to have the judgment remain dormant only with respect to her, not with respect to Ms. Montella. The trial court granted the motion only as to Appellee. It is this part of the trial court's judgment that is now under review.

**{¶2}** The parties agree that a judgment becomes dormant five years after the date of the last execution on that judgment. R.C. 2329.07(A)(1). The parties also agree that an action to revive a dormant judgment must be brought within 10 years from the time the judgment became dormant. R.C. 2325.18(A). Appellant argues that she filed a garnishment action against defendant Kim Montella on August 6, 1996. Appellant asserts that the garnishment action was an execution on the judgment, and based on the date of the garnishment action, the judgment became dormant on August 6, 2001. Appellant concludes that she had ten years from August 6, 2001, to revive the judgment, and that her motion to revive the judgment was filed two months prior to that date. Appellant concludes that since she properly revived the judgment, it is effective with respect to all defendants, including Appellee.

**{¶3}** Appellee argues that an execution on a judgment against one defendant does not act as an execution on the judgment for all defendants, at least with respect to the dormant judgment statute. Appellee submits that the date the

judgment against her became dormant is not affected by the 1996 garnishment action against Ms. Montella. She argues that the 1995 judgment became dormant with respect to her in 2000 (five years after it was originally rendered). Hence, the judgment had to be revived with respect to her by the year 2010. Appellant did not attempt to revive the dormant judgment until 2011, which is beyond the limitations period. Appellee is correct. The dormant judgment statute applies to each judgment debtor individually, and an attempt to execute on the assets of one judgment debtor does not reset the dormancy clock for other judgment debtors mentioned in the same judgment entry. Appellant's attempt to revive the judgment against Appellee in 2011 was untimely, and the trial court correctly concluded that the judgment remains dormant with respect to Appellee.

{¶4} Appellant also argues that she filed a motion to revive the judgment on August 26, 2002, that the motion was never acted on by the trial court, and that the filing of the 2002 motion should have preserved her right to revive the dormant judgment against Appellee. There are several problems with this argument. This argument was never presented to the trial court and is deemed waived. The 2002 motion to revive did not contain Appellee's correct name, and thus, would likely not have been effective against Appellee even if it had been granted. Additionally, Appellant did nothing in furtherance of the 2002 motion for nine years and appears to have invited any error that may have occurred over the trial court's treatment of the motion. There is no merit in Appellant's second line of argument. The trial court

correctly decided not to revive the judgment with respect to Appellee, and the trial court ruling is affirmed.

## History of the Case

{¶5} Appellee Carole A. Tirotta and her late husband were co-signatories on a commercial lease between Kimberly and Stephen Montella, II, and Karen Adlaka. Kimberly and Stephen were later divorced, and her name is now Kimberly Sharshan. On November 14, 1994, Appellant filed a complaint for failure to pay on the lease. The case went to arbitration, and on July 5, 1995, the arbitrator awarded judgment of $14,594.64 to Appellant. The judgment was issued against Stephen Montella, II, Kim Montella, and Carol G. Tirotta (rather than Carole A. Tirotta). The arbitrator's award was accepted and journalized by the Mahoning County Court of Common Pleas in a judgment entry dated August 14, 1995.

{¶6} On August 25, 1995, a certificate of judgment lien was filed against Carol G. Tirotta.

{¶7} On June 28, 1996, a certificate of judgment lien was filed as to Carol G. Triotta [sic] (two letters of her last name were transposed).

{¶8} On August 6, 1996, Appellant filed a notice of garnishment against only defendant Kim Montella.

{¶9} On August 26, 2002, Appellant filed a motion to revive a dormant judgment against Carol G. Tirotta, as well as against the other defendants. Not all of the defendants were served with notice and the motion was not ruled on by the trial court.

**{¶10}** On November 27, 2007, Appellant filed a praecipe to issue and file a certificate of judgment.

**{¶11}** On October 29, 2008, Appellant filed another praecipe to issue and file a certificate of judgment.

**{¶12}** On December 3, 2010, Appellant filed a third praecipe to issue and file a certificate of judgment.

**{¶13}** On June 1, 2011, Appellant filed a second motion to revive a dormant judgment.

**{¶14}** On June 20, 2011, the court granted Appellant's second motion, issuing a conditional order of revivor of judgment.  The defendants were ordered to show cause why the judgment should not be revived within 30 days.

**{¶15}** On July 7, 2011, Appellee filed a memorandum in response to the motion to revive the judgment.  Appellee framed the response as a motion for reconsideration.

**{¶16}** On August 16, 2011, the trial court granted Appellee's motion for reconsideration and vacated the June 20, 2011, order only as it pertained to her. The judgment entry stated "there is no just cause for delay" as required by Civ.R. 54(B).  This timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE APPELLEE/DEFENDANT'S MOTION FOR

RECONSIDERATION AND VACATING ITS PRIOR JUNE 20. 2011 JUDGMENT ENTRY.

**{¶17}** This appeal involves questions concerning the timing of dormant judgments and the procedure to revive them. The parties agree on the basic statutes that are involved in this appeal. The fundamental issue on appeal is whether, in a judgment where there are multiple judgment debtors, steps taken to prevent the judgment from becoming dormant against one judgment debtor will also act to prevent the judgment from becoming dormant for all of the judgment debtors.

**{¶18}** Under the common law, it was generally understood that an attorney of record had only one year and a day to satisfy a judgment, and if not satisfied in that time period, the judgment became unenforceable:

By the common law a judgment became dormant if execution did not issue within a year and a day from the time it was rendered[.] It was also held that a year and a day having elapsed since the rendition of the judgment, it was presumed paid. In 2 Blackstone's Com., 421, in speaking of the various modes of enforcing judgments, the author says:

"But all these writs of execution must be sued out within a year and a day after the judgment is entered, otherwise the court concludes *prima facie*, that the judgment is satisfied and extinct."

*Simpson v. Hook*, 2 Ohio C.D. 333, *2 (Ohio Cir.Ct.1891).

**{¶19}** Dormant judgments, and the revivor of dormant judgments, are now governed by statute. *Columbus Check Cashers v. Cary*, 196 Ohio App.3d 132, 2011-

Ohio-1091, 962 N.E.2d 812, ¶4 (10th Dist.). Under the dormant judgment statute, instead of a year and day, the prevailing party has five years to collect the judgment or otherwise preserve the right to collect on it. R.C. 2329.07(A)(1). An appellate court applies a *de novo* standard of review of a lower court's interpretation and application of a statute. *Siegfried v. Farmers Ins. of Columbus, Inc.*, 187 Ohio App.3d 710, 2010-Ohio-1173, 933 N.E.2d 815, ¶11 (9th Dist.). In interpreting statutes, a reviewing court should make every effort to give effect to each word, phrase and clause. *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21. In addition, "[s]tatutes must be construed, if possible, to operate sensibly and not to accomplish foolish results." *State ex rel. Saltsman v. Burton*, 154 Ohio St. 262, 268, 95 N.E.2d 377 (1950). A court's primary concern in statutory construction is the legislative intent in the statute's enactment, which is normally found in the words and phrases of the statute, read in context according to standard rules of grammar and common usage. *State ex rel. Mager v. State Teachers Retirement Sys. of Ohio*, 123 Ohio St.3d 195, 2009-Ohio-4908, 915 N.E.2d 320, ¶14.

**{¶20}** R.C. 2329.07(A)(1), sets forth the time periods governing a dormant judgment and the methods for preventing the judgment from becoming dormant:

> If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued

and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then * * * the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor.

**{¶21}** Pursuant to the statute, a judgment creditor may stop a judgment from becoming dormant within five years of the date of the judgment by: (1) execution on the judgment, or (2) the issuing and filing of a certificate of judgment for obtaining a lien upon lands and tenements as provided in R.C. 2329.02 and 2329.04. Execution on a judgment is defined as the "seizing and selling [of] property of the debtor." *Black's Law Dictionary* 568 (6th Ed.1990). For purposes of this appeal, we will assume arguendo that garnishment is an execution on a judgment under R.C. 2329.07(A)(1) that can prevent a judgment from becoming dormant.

**{¶22}** "[U]pon becoming dormant, the judgment may not be enforced, and is thus without legal effect, unless the judgment is revived in accordance with O.R.C. § 2325.15." *In re Stoddard*, 248 B.R. 111, 116-117 (Bkrtcy.N.D.Ohio 2000). There is a ten-year period in which to revive the judgment after it has become dormant. *See* R.C. 2325.18(A). When Appellant received her judgment on August 14, 1995, the time period for reviving a dormant judgment was 21 years, but R.C. 2325.18 was amended on June 2, 2004, and the time limit for revivor of a dormant judgment is now ten years.

{¶23} In this case, there were three judgment debtors as part of the original judgment: Kimberly Montella (now known as Kimberly Sharshan); Stephen Montella, II; and Appellee. Appellant's June 1, 2011, motion sought to revive the judgment against Kimberly Sharshan and Appellee Carole A. Tirotta.

{¶24} Appellant argues that she took actions against at least one of the judgment debtors within ten years of the most recent date that the judgment became dormant, and that these actions should have preserved her rights with respect to all the defendants. Appellant refers to an alleged garnishment action in 2002, but there is no garnishment action reflected in the record for that year. The only garnishment action found in the record was filed on August 6, 1996, against Kimberly Montella. Appellant appears to argue that the August 6, 1996, garnishment action prevented the judgment from becoming dormant for five years, until August 6, 2001. Appellant then submits that she had ten years to revive the judgment after that, allowing her until August 6, 2011, to file a motion to revive the judgment. Appellant filed the motion to revive judgment on June 1, 2011, and it was provisionally granted on June 20, 2011. Appellant concludes that since she revived the judgment against one defendant, it is revived as to all defendants.

{¶25} As already noted, R.C. 2325.15, *et seq.*, provides the procedure for reviving a dormant judgment. Pursuant to R.C. 2325.18(A), an action to revive a dormant judgment "can only be brought within ten years from the time it became dormant". Thus, the starting point for the period of limitations is the date that the judgment became dormant.

{¶26} Appellant contends that dormancy does not occur until five years after *any* execution on the judgment against *any* judgment debtor listed in the judgment, essentially asking us to look at the word "judgment" in R.C. 2329.07(A)(1) in isolation and to interpret it as broadly as possible in favor of the judgment creditor. Appellant contends that there is no ambiguity in the statute and that it should simply be applied. Appellant is incorrect. R.C. 2329.07(A)(1) speaks in terms of "*the* judgment debtor," and does not expressly explain how the statute operates when there are multiple judgment debtors listed in the same judgment entry. The use of the singular term "the judgment debtor" in and of itself reasonably implies that the rights, defenses, and procedure set forth in the dormancy statute apply to each judgment debtor individually.

{¶27} Additionally, the statute is very specific about the two, and only two, methods for preventing a judgment from becoming dormant more than five years after the judgment is issued: execution on the judgment, or the issuing and filing of a certificate of judgment for obtaining a lien upon lands and tenements. Under either method, only the judgment debtors listed in the related court documents are affected. Assuming that garnishment is an "execution on the judgment," a garnishment against defendant A has no effect on defendant B. A garnishment order involves execution only on the property of the judgment debtor whose property is being garnished. As stated in R.C. 2716.11(A): "A proceeding for garnishment of property * * * may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing * * * setting forth all of the following: (A) *The name of the*

*judgment debtor* whose property the judgment creditor seeks to garnish * * *." (Emphasis added.) "[A]n attachment covers only the interest of the defendant in the property levied on existing at the time of the levy and that it does not extend to property previously transferred or to an interest in property subsequently acquired by the defendant. Similarly, it is generally held that a garnishment reaches only the property or credits of the principal debtor in possession of or owing by the garnishee at the time of the service of garnishment and that it does not bind property or credits which have been previously transferred or assigned to another nor reach property or debts subsequently acquired or owed by the garnishee." *Holly v. Dayton View Terrace Imp. Corp.*, 25 Ohio Misc. 57, 66, 263 N.E.2d 337 (C.P.1970).

**{¶28}** A recorded certificate of judgment for lien upon lands and tenements must have the judgment debtor's correct name in order to be effective. *National Packaging Corp. v. Belmont*, 47 Ohio App.3d 86, 547 N.E.2d 373 (1st Dist.1988); R.C. 2329.02. Even a minor misspelling of a person's name in a document pertaining to a recorded judgment lien will invalidate the lien with respect to that person. *Kay Gee Product Co. v. Salem*, 120 Ohio App.3d 529, 532, 698 N.E.2d 485 (8th Dist.1997). It is difficult to understand how an execution on a judgment or a certificate of judgment lien that does not mention the name of the judgment debtor could possibly be used to extend the period for reviving a judgment against that particular judgment debtor.

**{¶29}** Throughout R.C. Chapter 2329, the individual rights of each judgment debtor are meticulously preserved by means of filing requirements, numerous notice

provisions throughout each stage of the process, hearings, the right of the debtor to establish exemptions to execution or sale of property, publication requirements for the sale of the debtor's property, independent appraisal of the property, and so on. It would be inapposite to assume that the state legislature intended R.C. 2329.07(A)(1) to be interpreted and applied to defeat or denigrate the rights of the individual judgment debtor when R.C. Chapter 2329 has gone to such pains to preserve those rights.

**{¶30}** Further, "the purpose of a statute of limitations is to promote justice by preventing surprise through the revival of claims that parties have declined to pursue until evidence has been lost and memories have faded." *Cavin v. Smith*, 4th Dist. No. 01CA5, 2001 WL 994117, at *2. This purpose could not be served if the dormancy and revivor statutes of limitations are interpreted to allow a judgment to be revived against a judgment debtor long after the judgment creditor has shown any interest in that specific judgment debtor's property. In cases where there are multiple judgment debtors, one judgment debtor would likely have no notice of any attempts to execute against the property of another judgment debtor (and no means of raising defenses against this execution). Under Appellant's interpretation, this principle is ignored. According to Appellant, the judgment creditor could file garnishment actions (or certificates of judgment for obtaining a lien upon lands and tenements) against one of several judgment debtors for 50 years, and then finally decide to enforce the original judgment lien against one of the other judgment debtors. If we were to take this approach, we would be entering that territory of "foolish results" that we are

encouraged to avoid in the process of statutory interpretation. *State ex rel. Saltsman v. Burton*, 154 Ohio St. at 268, 95 N.E.2d 377. Certainly we would be ignoring the purpose and principles on which these statutes are based.

**{¶31}** There is nothing in the record that reflects that Appellant took any effective action to execute upon the personal or real property of Appellee. Thus the judgment against Appellee became dormant on August 14, 2000, five years after the initial judgment was final. Appellant had until August 14, 2010, to revive the dormant judgment against Appellee. Appellant missed this statute of limitations and the trial court was correct in determining that the judgment was not revived with respect to Appellee.

**{¶32}** Appellant presents a second line of argument that relates to a motion to revive judgment filed on August 26, 2002. This motion was never heard by the trial court and there is nothing in the record to indicate that the court ruled on the motion. Appellant contends that this motion was filed well within the ten-year period for reviving a dormant judgment, and that the filing of the motion itself should have preserved her right to revive the judgment against Appellee. There are numerous difficulties with this argument.

**{¶33}** First, Appellant did not present this argument to the trial court. Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal and are deemed to be waived. *Litva v. Richmond*, 172 Ohio App.3d 349, 2007-Ohio-3499, 874 N.E.2d 1243, ¶18 (7th Dist.); *Abraham v. National City Bank Corp.*, 50 Ohio St.3d 175, 176, 553 N.E.2d 619 (1990).

**{¶34}** Second, the case Appellant cites in support of the notion that the mere filing of motion to revive dormant judgment in 2002 continued to preserve that right in 2011 does not speak to the issue at all. *Tube City, Inc. v. Holishak*, 8th Dist. No. 91440, 2008-Ohio-6951. *Tube City, Inc.* actually dealt with a judgment creditor's attempt to revive a Pennsylvania judgment, and the case primarily interprets and applies Pennsylvania law, rather than Ohio law, governing dormant judgments.

**{¶35}** Third, Appellant misspelled Appellee's name in the motion to revive judgment and in the attached certificate of judgment for lien upon lands and tenements. As earlier discussed, without Appellee's correct name on either document, it is highly doubtful the trial court could have granted the motion.

**{¶36}** Fourth, Appellant's filing of a new motion to revive dormant judgment on June 1, 2011, was not characterized in any way as renewal of the earlier motion or a request to act on that earlier motion. Appellant filed praecipes for the issuance of new certificates of judgment in 2007, 2008, and 2010, without ever requesting any action from the court on the 2002 motion. Given Appellant's failure to prosecute the motion for nine years, failure to notify the court of the stale motion when there was opportunity to do so, and active pursuance of a new motion to revive a dormant judgment, this record leads us to conclude that any error that might have been committed by the trial court would be invited error. " 'Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the court to make.' " *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections*, 80 Ohio St.3d 176, 181, 685 N.E.2d 502 (1997), quoting *State ex rel. Bitter v. Missig*,

72 Ohio St.3d 249, 254, 648 N.E.2d 1355 (1995). For all these reasons, we are not persuaded by Appellant's argument regarding the significance of the 2002 motion to revive the dormant judgment.

**{¶37}** There is an additional reason, here, to affirm the judgment of the trial court. The arbitrator's award of July 5, 1995, which forms the basis for the judgment against Appellee, did not contain Appellee's correct name of Carole A. Tirotta. Neither did two subsequent certificates of judgment for obtaining a lien upon lands and tenements. The August 14, 1995, judgment entry affirming the arbitrator's award did not have Appellee's name on it at all. It is difficult to imagine how a judgment could be "revived" against a person whose legal name cannot be found on the basic operative documents being reviewed on appeal. It is possible to affirm the trial court ruling for the simple reason that the original judgment was not even properly issued against Appellee in the first place. There was nothing to revive under the revivor statute.

**{¶38}** In conclusion, we hold that an execution on the judgment taken against one defendant, in a case where a monetary judgment is rendered against multiple defendants, does not stop the judgment from becoming dormant with respect to the remaining judgment debtors. Pursuant to R.C. 2329.07(A)(1), a judgment creditor must preserve its rights against each individual judgment debtor in order to prevent the judgment from becoming dormant with respect to that judgment debtor. Appellant took no action against Appellee or her property for more than five years, and the monetary judgment against her became dormant on August 14, 2000. A dormant

judgment may only be revived within ten years after it became dormant, and Appellant did not revive the judgment with respect to Appellee within that time period. The trial court was correct in vacating the conditional order of revivor of judgment with respect to Appellee Carole A. Tirotta, and the judgment is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.