O’Donnell, J.,
dissenting.
{¶ 19} Respectfully, I dissent.
{¶ 20} In my view, a person who committed an offense prior to July 1, 1996, but is sentenced on or after September 30, 2011, is subject to the sentencing provisions in existence prior to July 1, 1996, not the provisions of 2011 Am.Sub.H.B. No. 86 (“H.B. 86”), because the uncodified law in Section 5 of Am.Sub.S.B. No. 2 (“S.B. 2”), as amended by the uncodified law in Section 3 of Am.Sub.S.B. No. 269 (“S.B. 269”), 146 Ohio Laws, Part VI, 10752, 11099, does not conflict with the uncodified law in Section 4 of H.B. 86.
Statutory Analysis
{¶ 21} R.C. 1.58(B) states: “If the penalty, forfeiture, or punishment for any offense is reduced by * ⅜ * amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.”
*254 {¶ 22} However, on July 1, 1996, S.B. 2 took effect, and'Section 5 of that act, as amended by S.B. 269, provides:
The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.
The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
(Emphasis added.) 146 Ohio Laws, Part VI, 11099. The foregoing language is an expressed intent of the General Assembly that a person who committed an offense prior to July 1, 1996, but who is sentenced on or after that date be sentenced in accordance with the law in effect prior to July 1, 1996, despite the language of R.C. 1.58(B) otherwise permitting that person to benefit from a subsequent change in sentencing laws, because the later enacted provisions of S.B. 2, as amended by S.B. 269, specifically refer to R.C. 1.58(B) by using the phrase “notwithstanding division (B) of section 1.58 of the Revised Code,” thereby negating those statutory provisions in this specific instance.
{¶ 23} On September 30, 2011, H.B. 86 took effect, and Section 4 of that act states:
The amendments to * * * division (A) of section 2929.14 of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.
(Emphasis added.)
{¶ 24} In the enactment of H.B. 86 however, the General Assembly did not expressly repeal Section 5 of S.B. 2. This is significant because “the judicial policy of Ohio has been that repeals by implication are not favored and will not be found unless the provisions of the purported repealing Act are so totally inconsistent and irreconcilable with the existing enactment as to nullify it.” State ex rel. Specht v. Painesville Twp. Local School Dist. Bd. of Edn., 63 Ohio St.2d 146, 148, 407 N.E.2d 20 (1980).
*255 Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Daniel T. Van and Brett S. Hammond, Assistant Prosecuting Attorneys, for appellant.
Russell S. Bensing, for appellee.
John Murphy, Joseph T. Deters, and Rachel Lipman Curran, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.
Ron O’Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Chief Counsel, urging reversal for amicus curiae Franklin County Prosecuting Attorney Ron O’Brien.
{¶ 25} The provisions of the uncodified law in S.B. 2 and H.B. 86 are reconcilable. Section 4 of H.B. 86 makes amendments to certain provisions of the Revised Code applicable to (1) a person who commits an offense on or after September 30, 2011, and (2) a person to whom R.C. 1.58(B) “makes the amendments applicable.” Although the amendment may reduce the punishment for an offense if punishment has not already been imposed, R.C. 1.58 does not make the amendment applicable to persons who committed offenses prior to July 1, 1996, because Section 5 of S.B. 2 expressly states that notwithstanding division (B) of section 1.58 of the Revised Code, the Revised Code provisions in existence prior to that date apply to such persons.
{¶ 26} Thus, a person such as Jermaine Thomas who committed offenses before July 1, 1996, is subject to the sentencing laws in existence prior to that date, and a person who commits an offense on or after that date is subject to the amended sentencing provisions in H.B. 86 if the individual otherwise meets the requirements of that act.
{¶ 27} Accordingly, I would reverse the judgment of the Eighth District Court of Appeals.
Kennedy, J., concurs in the foregoing opinion.